*In re* Lloyd, *Petitioner.*

*In the matter of the Petition of* JOHN O. LLOYD, *for a Writ of Habeas Corpus.*

1. ASSAULT *with Intent to Rape.* An ineffectual attempt to carnally and unlawfully know a female under the age of 18 years, with or without her consent, is a punishable offense; and the general statute providing for the punishment of attempts to commit offenses applies to violations of the law relating to rape, as amended in 1887.

2. INFORMATION—*Conviction.* Where an information charges the completed offense of rape, and an unsuccessful attempt is shown, the defendant may, under such a charge, be convicted of an attempt to commit the offense. (Crim. Code, § 121.)

3. ———— *Evidence.* Before there can be a conviction in such a case, there must be not only the criminal intent, but overt acts toward the commission of the offense must be proven; and the attempt must progress sufficiently toward execution to clearly show the criminal intent of the defendant.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed June 10, 1893, contains a sufficient statement of the facts.

*C. E. Lobdell,* for petitioner.

*John T. Little,* attorney general, and *J. S. Simmons,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: This is an application for a writ of *habeas corpus* by John O. Lloyd, to secure his release from imprisonment in the state penitentiary. In the information upon which he was tried, it was charged that he "did then and there unlawfully, feloniously and carnally know one Sadie Williams, she, the said Sadie Williams, being then and there a female under the age of 18 years." At a trial held in February, 1893, he was convicted, and the verdict upon which judgment was pronounced found him guilty "of an attempt to commit the crime of rape on the person of Sadie Williams." The judgment of the court was imprisonment at hard labor

for a period of seven years. The facts and circumstances connected with the commission of the offense have not been brought to our attention, nor have any of the proceedings in the court below, except the charge and the judgment.

It is contended that the judgment is void, and the restraint illegal, for the reason that the verdict of the jury does not find the petitioner guilty of an offense punishable under the laws of Kansas; and, second, that even if it did, it is a separate and distinct felony from that charged in the information. No mere irregularity in the conviction can avail the petitioner in this proceeding. If, upon the charge made, and under any state of facts, he could have been convicted of an attempt to commit rape, his application for release must be refused. An attempt to carnally and unlawfully know a female under the age of consent is a punishable offense. (*The State v. Hart*, 33 Kas. 218; Gen. Stat. of 1889, ¶¶ 2152, 2557.) In such case there must be, not only the intent to commit the offense, but some act toward its commission. It has been held that mere solicitation, without any step taken toward the commission of the offense, is insufficient to constitute an attempt. (*Cox v. The People*, 82 Ill. 191; Whar. Crim. Law, § 179.) Overt acts toward the commission of rape must be proven before there can be a conviction, and the attempt should progress sufficiently toward execution to clearly show the criminal intent of the defendant. The consent of a female under 18 years of age, and who by law is declared incapable of giving consent, to an attempt which is intercepted or prevented before consummation, is unimportant and constitutes no defense. (Crimes Act, § 31; *Reg. v. Beale*, 10 Cox, Crim. Cas. 157.)

The objection that the petitioner was convicted of an offense other than that stated in the information is not good. It is true that the information charged the full commission of the offense of rape, but, under § 121 of the criminal code, a person charged with the commission of a rape may, upon sufficient proof, be convicted of an attempt to commit that offense. (*The State v. Decker*, 36 Kas. 721.)

It is strongly urged that the statute enacted in 1868, mak-

ing attempts to commit offenses punishable, cannot be applied to an attempt to have sexual intercourse with a female under 18 years of age. The claim is that the statute relating to attempts was enacted long prior to 1887, at which time the law of rape was amended so that sexual intercourse with a female under 18 years of age, with or without consent, constitutes rape, and that by the amendment an offense was defined not previously in existence, and which cannot be brought within the operation and effect of the statute relating to attempts. Prior to the amendment, rape was defined as the "carnal and unlawful knowing of any female child under the age of 10 years, or by forcibly ravishing any woman of the age of 10 years or upwards." Under the amended law, it was defined as the "carnal and unlawful knowing of any female under the age of 18 years, or by forcibly ravishing any woman of the age of 18 years or upwards." It will be observed that instead of creating a new offense the amendment only expanded an existing one, so that the matter of the consent of the female between the ages of 10 and 18 years became immaterial. Whether the girl on whom the attempt was made in this case was more or less than 10 years of age is not shown. The statute relating to attempts, however, is general and prospective in its operation, and its language is such as to make it apply to any attempt to commit an offense then or thereafter defined by statute. The case of *Hall v. The State,* 20 Ohio, 7, is cited against the application of the statute, but we find it is based upon and refers to a statute of a local character, which it was held should be limited to persons, places and things as they existed at the time of its passage. Neither do we think that the case cited by the Ohio court, ( *United States v. Paul,* 6 Pet. 141,) is applicable. That case rests upon statutes unlike our own, and does not control. Our statute is sweeping in its character, and provides that "every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon convic-

tion thereof, shall, in cases where no provision is made by law for the punishment of such attempt, be punished" in the manner thereinafter stated. (Gen. Stat. of 1889, ¶ 2557.) Nothing in this provision, nor any other, warrants the view that, whenever the statute relating to an offense is modified or the punishment changed, the general law relating to attempts must be reënacted or special provision made for its application to the modified or amended law.

The application of the petitioner fails to show that the judgment and commitment under which he is imprisoned are void, or that he is entitled to a release, and hence it will be denied.

All the Justices concurring.