## The State of Kansas v. George W. Frazier.

1. Offense, *Attempt to Commit — Pleading.* A defendant charged with a substantive offense may be convicted under that charge of an attempt to commit the offense; but where the prosecutor relies upon a specific charge of attempt, good pleading requires that he should set forth the acts done toward the commission of the offense.

2. Rape — *Information — Defective Averment.* An averment that the defendant "unlawfully and feloniously did attempt to commit a rape, by then and there attempting to carnally and unlawfully know the said Y.," is defective in failing to set forth any physical act or acts done towards the commission of the offense, and is held to be insufficient as against a motion to quash.

3. Verdict — *Findings — How to be Considered.* Under an information containing two counts, the first of which charged the consummated offense of rape, and the second charged an attempt to commit rape, the jury returning two findings, one of which was that the defendant was "not guilty as charged in the first count of the information," and the other that the defendant was "guilty as charged in the second count of the information," *held,* that all parts of the verdict should be considered in determining its effect, and that, when the findings are so considered, it is plain that the jury only intended to acquit of the crime of rape, and did not intend to acquit of an attempt to commit rape, and that therefore the defendant is not entitled to an absolute discharge because of the finding upon the first count.

*Appeal from Saline District Court.*

The material facts appear in the opinion herein, filed on March 10, 1894.

*David Ritchie,* for appellant:

The question is, does the first count include within it the offense of attempting to commit an offense? We submit that it does. See *The State v. Decker,* 36 Kas. 721; *In re Lloyd,* 51 id. 501; *In re Black,* 52 id. 64.

We submit that the court below erred in overruling the defendant's motion to quash the second count in the information.

The second count of the information, and the one upon which the defendant was convicted, is totally insufficient in this, that it wholly fails to state any act that the defendant

did toward the commission of the offense, and it fails to state one of the necessary ingredients of the offense attempted to be charged. Indictable attempts are composed of two elements, to wit: The intention to commit the principal or substantive offense, and some act done of a physical nature toward the commission of the offense, and both must be stated in the indictment or information. Mere solicitations are not enough. *In re Lloyd*, 51 Kas. 501; *Cox v. People*, 82 Ill. 191; Whar. Cr. Law, § 179; Bish. Cr. Law, §§ 727–730.

It is never sufficient to baldly state an attempt; but the act done toward the commission of the offense must be specially pleaded, or the information will be insufficient. *Hicks v. Commonwealth*, 19 Am. Rep. 891; 2 Bish. Cr. Proc., § 90; Whar. Cr. Law, § 2699; *Thompson v. The People*, 96 Ill. 158.

*John T. Little*, attorney general, and *R. A. Lovitt*, county attorney, for The State:

It has been repeatedly held by this court that a party charged with a principal or substantive offense, and convicted of a minor offense contained therein, a new trial being granted, the defendant should again be tried for the principal offense, notwithstanding on the first trial he was acquitted of such offense. The verdict in this case should be construed as an entirety, and, if a new trial is granted, the defendant must be again tried for the principal offense. *The State v. McCord*, 8 Kas. 240. See, also, *The State v. Bowen*, 16 Kas. 475; *The State v. May La*, 7 S. Rep. 60; *The State v. Decker*, 36 id. 721.

The testimony in this case not only supports the allegation that the defendant attempted to carnally and unlawfully know the complaining witness, but it conclusively shows, too, that he did have carnal knowledge of her. See *The State v. Hart*, 33 Kas. 218. In the same case, it is held that an information charging the defendant "with attempting to commit the offense of rape," by attempting to carnally and unlawfully know a female child under the age of 10 years, is sufficient; and further held, that a verdict of "guilty of an attempt to

commit a rape, as charged," is sufficiently responsive to the information, and is valid. See, also, *The State v. Fisher*, 8 Kas. 208; *The State v. White*, 44 id. 514.

The opinion of the court was delivered by

JOHNSTON, J.: George W. Frazier was convicted of an attempt to commit rape upon a female under the age of 18 years. The information contained two counts, in the first of which it was alleged, that "On the 14th day of April, 1893, in the said county of Saline, and the state of Kansas, one George W. Frazier, then and there, in and upon one Anna Yust, a female under the age of 18 years, to wit, of the age of 13 years, then and there being, unlawfully and feloniously did commit a rape, by then and there carnally and unlawfully knowing her, the said Anna Yust." The second count charged that "On the 14th day of April, 1893, in the said county of Saline and state of Kansas, one George W. Frazier, then and there, in and upon one Anna Yust, a female under the age of 18 years, to wit, of the age of 13 years, then and there being, unlawfully and feloniously did attempt to commit a rape, by then and there attempting to carnally and unlawfully know the said Anna Yust," etc. The sufficiency of the information was challenged by motion to quash, and, as to the second count, it was alleged that the charge was indefinite, uncertain, and insufficient. The court denied the motion and the trial proceded before a jury. Two verdicts were returned, in one of which the jury found that the defendant was "not guilty as charged in the first count of the information," and in the other it was found that the defendant was "guilty as charged in the second count of the information."

The acquittal upon the first count leaves no question as to its sufficiency, but the defendant insists that the second count fails to properly charge an attempt at the commission of rape, and that, therefore, the motion to quash should have been sustained. The prosecutor appears to have been in doubt whether the unlawful conduct of the defendant

amounted to the consummated offense of rape, or only to an unsuccessful attempt at that offense, and he seems to have deemed it necessary to set forth both charges in two counts in order to meet the exigencies that might arise from the proof. While an attempt to commit rape is a distinct offense, a separate count charging such attempt was not essential. Our criminal code, § 121, provides that, "Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense." (*The State v. Decker*, 36 Kas. 717.) Although the second count was not absolutely necessary, it hardly affords the defendant any ground for complaint. It was notice to him that, in case the prosecution failed to establish the principal offense, it would endeavor to procure a conviction of an attempt. No motion was made by the defendant to require the state to elect upon which count it would proceed to trial, and, in fact, parties, counsel and court all appear to have proceeded upon the theory that the charging of two offenses in two separate counts was proper and necessary. The case having been tried upon this theory, and there having been an acquittal upon the first count, it becomes important to inquire as to the sufficiency of the second count, upon which the conviction rests. Treating an attempt to commit rape, then, as if it stood alone, we think it must be held to be insufficient as against a motion to quash. It fails to set forth any physical act or acts done toward the commission of the offense. It does allege that the defendant "did attempt to commit rape, by then and there attempting to carnally and unlawfully know the said Anna Yust." The latter part of the clause is nothing more than a repetition, and no more than to say that he attempted to commit rape by attempting to commit rape. To constitute such an attempt, something more than mere intention is necessary, and even more than solicitation. Under the statute re-

1. Offense, attempt to commit— pleading.

2. Rape—information— defective averment.

lating to attempts, there must be, first, an intention to commit the crime; and, second, some direct overt act done toward its commission. (Gen Stat. of 1889, ¶ 2557; *In re Lloyd*, 51 Kas. 501.) The second is an essential element of the offense, and should be specifically set forth in the charge. The physical acts done toward the commission of the offense should be stated in the information or indictment, so that the court may see whether or not the law has been violated, and so the accused may know to what he must make answer. In considering what was necessary to be charged in the indictment for attempt to commit an offense, the supreme court of Illinois stated that "if the averment of a mere attempt was all that is required, the accused could never know what acts would be relied on to prove the attempt, and would be liable to surprise. We are, therefore, clearly of opinion that the acts done by the accused toward the commission of the crime . . should have been specifically averred, and, for the want of such an averment, the indictment was bad and should have been quashed." (*Thompson v. The People*, 96 Ill. 161; 2 Bish. Cr. Proc., §§ 86, 92.) This defect in the averments of the second count requires a reversal of the judgment.

But the defendant insists that he is entitled to an absolute discharge. He asserts that the first count of the information included the attempt as well as the substantive offense, and he claims that, because there was a finding in his favor on that count, it follows that the jury found him not guilty of the attempt, as well as of the charge of the principal offense. Although the course pursued of setting forth the charge of rape and of an attempt to commit rape in separate counts may not have been the best practice, there can be no doubt as to the understanding and purpose of the court and jury. The parties and their counsel, as well as the court and the jury, proceeded upon the theory that the defendant was being tried under the first count of the completed offense of rape and under the second count for an attempt to commit that offense. The verdict of the jury cannot be misunderstood. It was to the effect that he was not guilty of rape, but was guilty of

an attempt to commit rape. The findings were based upon the same testimony, were returned together, and should be considered together in connection with the theory upon which the case was tried. When

3. Verdict—findings—how to be considered.

so considered, it is plain that the jury only intended to acquit the defendant of rape, and that they did not intend to acquit him of an attempt to commit rape. This was the view taken by this court in the somewhat similar case of *The State v. Bowen,* 16 Kas. 475. While there is some dispute in the testimony, it strongly tends to show that the defendant, who was said to be 65 years of age, attempted to commit a rape upon a girl about 13 years of age, and we find little in the case to make us look with favor upon any mere technical objection raised by the defendant.

The judgment of the district court will be reversed and the cause remanded for further proceedings.

ALLEN, J., concurring.

HORTON, C. J., dissenting.