THE STATE OF KANSAS v. MARION RUSSELL.

No. 13,040. (68 Pac. 615.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Assault to Commit Rape—Information.* Under the peculiar statutory provisions of this state defining the crime of rape, when the prosecutor intends to charge the offense of assault with intent to commit rape on a female under the age of consent, eighteen years, the specific act or acts done toward the commission of the offense must be alleged, that the court may be informed, and therefrom declare, whether the law has been violated, and that the defendant may be advised of the nature and character of the acts which are alleged to constitute the offense charged against him.

Appeal from Greenwood district court; G. P. AIK-MAN, judge. Opinion filed April 5, 1902. Reversed.

*T. C. Turner,* county attorney, and *James Shultz,* for The State.

*Fuller & Jackson,* for appellant.

The opinion of the court was delivered by

POLLOCK, J. : Appellant was charged, tried and convicted upon the following information :

"In the name, by the authority, and on behalf of the state of Kansas, I, T. C. Turner, county attorney in and for Greenwood county, Kansas, being duly empowered to inform of public offenses committed within said county, come now here and give the court to understand and be informed, that on, to wit, the 10th day of May, A. D. 1901, at the county of Greenwood, in the state of Kansas, one Marion Russell, then and there being, did then and there unlawfully, wilfully and feloniously, in and upon one May Hodge, a female child under the age of eighteen years, to wit, of the age of sixteen years, make an assault on her, with intent her, the said May Hodge, then and there feloni-

ously and unlawfully and carnally know and abuse her, the said May Hodge, contrary to the statute in such case made and provided, against the peace and dignity of the state of Kansas."

Defendant appeals. A motion to dismiss the appeal is presented, but it is not well taken.

As the only question we deem necessary to decide in this case arises upon the overruling of a motion to quash the information, a statement of the facts shown by the record is rendered unnecessary. However, it may be said in passing, giving the evidence of the prosecuting witness and other witness for the state the most favorable interpretation possible for the state, the judgment of conviction is, to say the least, not amply supported by proof.

The motion to quash raises this question: Is the above information defective in failing to aver the act or acts done toward the commission of the offense of assault with intent to commit the crime of rape upon a female under the age of eighteen years, this being the offense which the state contends is charged thereby? This question arises upon the peculiar condition of our statute law with regard to the offense of what is commonly known as statutory rape. In the commission of this substantive offense the element of force has no place. Carnal knowledge of a female under the age of consent—eighteen years—in all cases is rape, whether or not force is employed. Hence, it is necessary in such case to allege and prove only the carnal knowledge and the age of the female, and the crime is established. That the above information would be sufficient to sustain a conviction of assault with intent to ravish by force, if the age of consent fixed by the statute were ten, twelve or a less number of years than that alleged in the information, may be

and is conceded. But is it sufficient to withstand a motion to quash for want of sufficient averment of acts done toward the commission of the crime of assault with intent to ravish, where the pleader clearly shows, as in this case, by the form of the information, that the state will rely for conviction, not upon acts of force done toward the female, which, in the absence of the statute might be shown under the allegation of assault, but upon the fact that by reason of her tender years she is powerless to condone the force by her consent? We think not. While it is true that the offense of "*attempting to commit*" the crime of rape upon a female under the age of eighteen years, and the crime of "*assault with intent*" to commit the same offense, are recognized by the adjudicated cases in this state as distinct offenses, yet the element of force in each being, by virtue of the statute, eliminated, while the form of the charge remains distinct, the evidence to sustain either must of necessity become the same; and, as a necessary consequence, if the information charging an "*attempt to ravish*" a female under the age of consent must set forth the specific acts done towards its commission to render it sufficient, so must an information charging an "*assault with intent*" to commit rape upon a female under eighteen years. In the case of *The State v. Frazier*, 53 Kan. 87, 36 Pac. 58, 42 Am. St. Rep. 274, this court held :

"A defendant charged with a substantive offense may be convicted under that charge of an attempt to commit the offense ; but where the prosecutor relies upon a specific charge of attempt, good pleading requires that he should set forth the acts done toward the commission of the offense.

"An averment that the defendant 'unlawfully and feloniously did attempt to commit a rape, by then and there attempting to carnally and unlawfully know

the said Y.,' is defective in failing to set forth any physical act or acts done towards the commission of the offense, and is held to be insufficient as against a motion to quash."

In the opinion Mr. Justice Johnston said:

"To constitute such an attempt, something more than mere intention is necessary, and even more than solicitation. Under the statute relating to attempts, there must be, first, an intention to commit the crime; and, second, some direct overt act done toward its commission. (*In re Lloyd*, 51 Kan. 501, 33 Pac. 307.) The second is an essential element of the offense, and should be specifically set forth in the charge. The physical acts done toward the commission of the offense should be stated in the information or indictment, so that the court may see whether or not the law has been violated, and so the accused may know to what he must make answer."

We are of the opinion, upon like ground, and by a parity of reasoning, it must be held, where the prosecutor intends to charge the offense of assault with intent to commit rape on a female under the age of consent, the element of force, being by law eliminated, and the technical word "assault" deprived of its meaning, the specific acts done toward the accomplishment of the offense must be pleaded, that the court may be informed and determine the sufficiency of such acts to constitute the offense charged, and that the defendant may be apprised of the nature and character of the acts by him done which it is charged constitute the offense he must be prepared to meet.

It follows that the court erred in overruling the motion to quash. For this reason the judgment is reversed, and the cause remanded with direction to sustain the motion to quash.

JOHNSTON, CUNNINGHAM, JJ., concurring.