Hogan v. The State of Florida—Syllabus.

---

JACOB HOGAN, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  Indictments for attempts to commit a crime must aver the intent and the overt act constituting the attempt.

2.  An attempt to commit a felony should not be blended in one count with an attempt to commit a misdemeanor.

3.  An indictment charging that the accused "did by force and against her will, unlawfully attempt to ravish and carnally know the person of one A, a female person, by then and there unlawfully, by force and against her will, attempting to have sexual intercourse with her, the said A," is fatally defective in failing to aver an overt act and a conviction thereunder will be arrested.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County

The facts in the case are stated in the opinion of the Court.

*D. L. McKinnon*, for Plaintiff in Error.

No appearance for the State.

COCKRELL, J.   Jacob Hogan was indicted October 12, 1903, tried and convicted in October, 1904, of an attempt to commit rape and to the sentence pronounced thereon prosecuted his writ of error returnable to this term of the Supreme Court.   The errors assigned here are upon the denial of the motions in arrest and for a new trial respectively.

It is necessary for us to treat only the sufficiency of the indictment, but we cannot refrain from saying that the evidence is far from satisfactory and that it would strain our ideas of justice should we be forced to uphold the verdict.

The indictment charges that Jacob Hogan "did then and there by force and against her will, unlawfully attempt to ravish and carnally know the person of one Mary Anderson, a female person, sixteen years of age, by then and there unlawfully, by force and against the will of her, the said Mary Anderson attempting to have sexual intercourse with her the said Mary Anderson, the said Mary Anderson then and there being an unmarried female under the age of eighteen years old, against the form," &c. There is but one count in the indictment.   "Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death or by imprisonment in the State prison for life."   Rev. Stats. of 1892, section 2396.

By Chapter 4965, Laws of 1901, it is made a highly penal misdemeanor to "have carnal intercourse with any

unmarried female, who is at the time of such intercourse, under the age of eighteen years." It would seem therefore that there has been an improper blending in one count of a felony and a misdemeanor, and an embarrassing confusion to the accused as to exactly what grade of crime he was called upon to meet but we find what appears to us a more serious indeed fatal defect in the indictment.

We have no specific offence of an attempt to rape, and the indictment must have been framed under the general denunciation of attempts found in section 2594, Rev. Stats. of 1892, which reads: "Whoever attempts to commit an offence prohibited by law and in such attempt does any acts towards the commission of such an offence, but fails in the perpetration, or is intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:" then follows the various penalties, graded according to those imposed on the consummated offense, with a proviso that it shall not exceed one half the maximum imprisonment imposed for the latter. According to Mr. Bishop this is but the terms of the common law, and seems to require no change from the common law indictment, but as the act done must be such as the law recognizes as adequate and because the accused is always entitled to have the particulars of the accusation stated to him, such act must be specifically averred. While not necessary to allege failure in the attempt, it is necessary to set out both the intent and the act. 2 Bish. New Crim. Proc. 86.

"In indictments for attempts the laxity permitted in assaults will not be maintained  *  *  *  But 'attempts' is a term peculiarly indefinite. It has no prescribed legal meaning. It relates from its nature to an unconsummated

offence. It covers acts some of which are indictable and some of which are not. * * * At common law such facts must be set forth as show that the attempt is criminal in itself * * * in an indictment for an attempt to commit a crime, it is essential to aver that the defendant did some act, which, directed by a particular intent, to be averred, would have apparently resulted in the ordinary and likely course of things in a particular crime." 1 Whart. Cr. Law (10 ed.) 190, 192.

Indictments for attempts to commit crimes must aver the intent and the overt act constituting the attempt. 3 Ency. Pl. & Pr. 98.

No overt act is averred in the indictment before us; boiled down it merely alleges that the accused attempted to commit rape by attempting to commit rape. Such an indictment, even under the most liberal construction that obtains under the statute of our State, cannot be upheld; the defect is not one of form but of substance and defendant was not sufficiently advised of the accusation against him.

The State Attorney who drew the indictment has not filed a brief in its support, but the adjudged cases holding it bad are numerous. We cite State v. Frazier, 53 Kan. 87, 36 Pac. Rep. 58; State v. Russell, 64 Kan. 798, 68 Pac. Rep. 615; Cunningham v. Commonwealth, 88 Va. 37, 13 S. E. Rep. 309; Commonwealth v. Clark, 6 Gratt, 675; Hicks v. Commonwealth, 86 Va. 223, 9 S. E. Rep. 1024; Thompson v. People, 96 Ill. 158; Kinningham v. State, 119 Ind. 332, N. E. Rep. 911; State v. Wilson, 30 Conn. 500; Randolph v. Commonwealth, 6 S. & R. (Pa.) 398; State v. Colvin, 90 N. C. 717; United States v. Ulrici, 3 Dill. 532.

The case is reversed, with directions to arrest the judgment.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.