No. 21,236.

THE STATE OF KANSAS, *Appellee*, v. EARL HARRIS, *Appellant*.

SYLLABUS BY THE COURT.

1. STATUTORY RAPE—*Conviction of "Attempt to Commit" the Offense—
Not Error.* Under a charge of statutory rape a conviction for an
attempt to commit the offense—not an assault with intent to commit
—can be had although no specific acts toward the commission of the
full offense are set out.

2. SAME. A girl twelve years old, corroborated as to certain parts of
her story, testified to a completed offense. *Held,* that in view of all
the evidence conviction of an attempt to commit the offense was not
error.

3. STATUTORY RAPE—*Certain Evidence Properly Rejected.* Medical evi-
dence touching the possibility of self inflicted or accidental injury,
which, if expert at all, was merely argumentative, was properly re-
jected. Likewise evidence touching the possibility of distinguishing
between certain kinds of blood stain—the stained clothing involved
herein not having been preserved or described.

4. SAME—*Rejected Evidence.* Evidence that the defendant's wife and
the mother of the injured girl frequented certain Mexican quarters
and received visits from the men there, and that the wife of the de-
fendant ran away with a Mexican, was offered to show a conspiracy
between the two women to get rid of the defendant. *Held,* that such
evidence was properly rejected because involving a collateral issue,
and because it would tend only to affect the credibility of the wife
who was not a witness, and the other woman whose impeachment was
not attempted.

Appeal from Chase district court; WILLIAM C. HARRIS,
judge. Opinion filed June 9, 1917. Affirmed.

*Dennis Madden,* of Emporia, for the appellant.

*S. M. Brewster,* attorney-general, and *Charles E. Davis,*
county attorney, for the appellee; *R. M. Hamer,* and *H. E.
Ganse,* both of Emporia, of counsel.

The opinion of the court was delivered by

WEST, J.: The defendant was charged with statutory rape
on a girl twelve years old. He was convicted of an attempt to
commit the offense, and appeals, assigning as errors the rejec-
tion of certain evidence, giving and refusing certain instruc-
tions, and the denial of a new trial.

The girl testified to the completed offense, and told of certain laceration. Her mother testified to the latter and to blood stains on clothing which was burned. Under the rule already declared by this court, a conviction for an attempt—not assault with intent to commit—could be had under the charge of the full offense without the allegation of any specific act toward its commission. (*In re Lloyd, Petitioner*, 51 Kan. 501, 33 Pac. 307, and *The State v. Guthridge*, 88 Kan. 846, 129 Pac. 1143.)

Attention is called to *The State v. Mitchell*, 54 Kan. 516, 38 Pac. 810. But there the girl was of age and told a preposterous story, entirely uncorroborated, and it was held that a conviction for an attempt only would not be permitted to stand. Here, the story, while remarkable, was not impossible, and there was corroboration, which things, added to the tender age of the child, take this out of the rule of the Mitchell case.

Medical evidence as to the possibility that the injury was self-inflicted or accidental and as to the possibility of distinguishing between different kinds of blood stain was rejected, but without error because the one, if expert at all was merely argumentative, and the other was immaterial, as the stained clothing had not been preserved and no attempt to describe it was made.

To establish the theory that the defendant's wife had conspired with her sister-in-law, the girl's mother, to get rid of the husband so that the two women could associate with certain Mexicans, the defendant offered to show by the city marshal that the two associated together and visited certain Mexican quarters and were visited by the Mexicans, and that the defendant's wife ran away with one of them just before the trial. The girl's mother testified that her sister-in-law was at her house sick when the offense occurred, and that the defendant ate supper there. The defendant was not permitted to testify that his wife went away with a Mexican. The rejected evidence was not only calculated to bring in a collateral issue, but even if admitted would not have tended materially to show that the girl's father, who swore to the complaint, was induced or inspired thereunto by his wife through the instigation of the defendant's wife, and even if he were the defendant's guilt or innocence would not thereby be established or affected—merely the credibility of the wife, who

was not a witness, and the mother, whose impeachment was not attempted.

It was not necessary to instruct concerning an overt act toward the commission of the full offense more definitely than was done. The charge given fairly and correctly gave the law of the case.

The judgment is affirmed.