## W. C. Miller v. The State.

### No. 5161. Decided October 30, 1918.

**1.—Assault to Rape—Attempt to Rape—Charge of Court.**

Where the indictment charged assault with intent to commit rape this would not sustain a conviction for an attempt to rape, and it is error to submit a charge on an attempt to rape; however, these issues passed out of the case, defendant having been found guilty of an aggravated assault.

**2.—Same—Aggravated Assault—Attempt to Rape.**

Where an assault is made a conviction can not be had for an attempt to rape, but if an assault was made, the jury might be instructed to convict of an aggravated assault, even where the court submitted the charge on an attempt to rape, and in the absence of a statement of facts it must be presumed that the court properly submitted the issue of an aggravated assault.

Appeal from the Criminal District Court No. 2 of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred and fifty dollars.

The opinion states the case.

*Oscar H. Calvert,* for appellant.—On question of attempt to rape: Wyvias v. State, 64 Texas Crim. Rep., 236; Taylor v. State, 44 id., 153; Milton v. State, 23 Texas Crim. App., 204; Shockly v. State, 71 Texas Crim. Rep., 475, 160 S. W. Rep., 452.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged in the ordinary stereotyped form with assault to commit rape upon a girl under fifteen years of age. The court submitted to the jury the law of attempt to commit rape. This was error. An indictment charging assault with intent to commit rape will not sustain a conviction for an attempt to rape. This question has been before the court in a great number of cases which will be found collated in Branch's Ann. P. C., pp. 1012-1013. The jury, however, acquitted appellant of assault to rape or attempt to rape. These issues passed out of the case.

The court also submitted the question of aggravated assault, for which appellant was convicted. Under the charge in the indictment for assault to rape, if the facts authorized the charge, appellant could be convicted of aggravated assault. He may have made the assault upon the girl, and if the facts so showed, and it was an assault with intent to commit rape, it might be an aggravated assault. The fact that an attempt to rape was submitted by the court would not affect the question of aggravated assault, if the evidence showed that appellant made the assault. Where an assault is made a conviction can not be had for an attempt to rape. It does not make any difference what the facts may be, because an attempt to rape precludes the idea of an as-

sault; but if an assault was made by appellant upon the girl the jury might be instructed to convict of aggravated assault. This would depend upon the evidence, and the fact that the court submitted an attempt to rape, for which appellant was acquitted, would not prevent a conviction for aggravated assault if the facts showed that an assault was in fact made upon the girl. If no assault was made upon her, then a conviction could not be had for any phase of assault. This we can not determine because the evidence is not before us. The court having submitted the issue of aggravated assault, and the jury so found, in the absence of the testimony the presumption is that the court properly submitted this issue to the jury, and that it was warranted by the facts. Taking this view of the record and the case, the judgment will be affirmed.

*Affirmed.*