No. 25,616.

THE STATE OF KANSAS, *Appellee,* v. FREDDIE THOMPSON, *Appellant.*

SYLLABUS BY THE COURT.

RESCUE—*Nature and Elements.* In an action charging the defendant with having attempted to assist certain prisoners to escape, the proceedings examined and held to present no substantial error.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed April 11, 1925. Affirmed.

*L. S. Harvey,* and *W. E. Stickel,* both of Kansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *Malcolm McNaughton,* county attorney, and *William D. Reilly,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Nathan Loar, Bert Gladson and Lawrence Hayes were confined in the county jail at Leavenworth charged with murder. The defendant was convicted of attempting to assist them to escape, and appeals.

The facts were substantially as follows: While the trial of Gladson was in progress the defendant Thompson endeavored to arrange with one George Thomas to deliver a revolver and automatic pistol to the prisoners in order that they might effect their escape. The guns were delivered to Thomas, who, instead of delivering them to the prisoners, turned them over to the sheriff.

It is first contended by the defendant that there was an entire lack of testimony to support the conviction. It would serve no useful purpose to detail the evidence. Briefly, it showed that Thomas was engaged in doing some painting at the jail; that he was approached by the defendant, who offered him $500 if he would deliver to the prisoners the guns in question. The guns were the property of the prisoners. Thomas agreed that he would carry out the deal as

requested, and advised the prisoners that he would deliver them the guns. Instead of doing so, when he got possession of the guns he turned them over to the officials and the defendant was arrested. The defendant did everything possible under the circumstances to aid the prisoners to escape. That the enterprise failed could in no wise be charged to his neglect or lack of energy. The evidence was sufficient to sustain the conviction.

The defendant was convicted under the statute which reads:

"Every person who shall by any means whatever aid or assist any prisoner lawfully detained in jail or place of confinement, for any felony, to escape therefrom, whether such escape be effected or not, shall upon conviction be punished by confinement and hard labor for a term not exceeding five years." (R. S. 21-728.)

The defendant contends that what he did was a mere solicitation; that there could be no conviction unless physical force was employed in the attempt to rescue the prisoners or set them at liberty. Various authorities are cited in support of his contention (*In re Lloyd, Petitioner,* 51 Kan. 501, 33 Pac. 307; *The State v. Frazier,* 53 Kan. 87, 36 Pac. 58; *The State v. Russell,* 64 Kan. 798, 68 Pac. 615; *The State v. Bowles,* 70 Kan. 821, 79 Pac. 726; *The State v. Custer,* 85 Kan. 445, 446, 116 Pac. 507; *People v. Murray,* 14 Cal. 159; *The State v. Harney,* 101 Mo. 470; *McDade v. People,* 29 Mich. 50; *Stabler v. Commonwealth,* 95 Pa. St. 318; *Hicks v. Commonwealth,* 86 Va. 223) which are not applicable here.

We cannot concur with the defendant's contention. In the recent case of *The State v. McCarthy,* 115 Kan. 583, 224 Pac. 44, it was said:

"The crimes act contains this provision: 'Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows.' (R. S. 21-101.) This statute is but declaratory of the common law, under which it is generally agreed that preparation for the commission of a crime does not by itself constitute an attempt, but to have that effect must be accompanied by an overt act adapted to bringing about the completed offense. (16 C. J. 112; 8 R. C. L. 276.) It is also agreed, however, that no specific test of universal application can be formulated as to what acts are sufficient for the purpose, but each case must be determined upon its own facts. (16 C. J. 114, note 19; 8 R. C. L. 277, note 2.) Moreover, there is an irreconcilable conflict in the decisions on the subject. . . . In the present case, under the evidence, the de-

17—118 KAN.

fendant had arrived at what was substantially the scene of their contemplated burglary of the freight cars. Three of the party remained there until arrested, while the other two went in search of their supposed accomplice, whose action in going to the telephone may have aroused their suspicion and caused these two to abandon their purpose; or, like the others, they may have still been following out their original plan when arrested. We conclude that the acts of the defendants as set out went beyond mere preparation for the intended burglary and were steps toward the accomplishment of the purpose such as to justify a conviction for an attempt. If not, it would seem that there could be no attempt at burglary unless force were actually used in an effort to gain an entrance, a length to which we are unwilling and unable to go." (pp. 585, 588.)

In 16 C. J. it is said:

"An attempt to commit a crime consists of three elements: (1) the intent to commit the crime; (2) performance of some act toward the commission of the crime, and (3) the failure to consummate its commission. It is sometimes said that it is compounded of two elements: (1) The intent to commit it; and (2) a direct ineffectual act done toward its commission; but it is obvious that the second element in the latter statement includes the second and third elements in the former." (p. 113.)

The fact that the defendant had secured the loaded weapons, had arranged with Thomas to deliver them to the men in jail, had procured Thomas to tell the prisoners that the weapons would be furnished, and that he actually delivered them to Thomas for the purpose of delivery and with the agreement to pay $500 if they were so delivered, was more than a mere solicitation.

We have considered various complaints, but find no error which would warrant a reversal. The judgment is affirmed.

HARVEY, J., not sitting.