PEOPLE v. GIBBONS.

1. INDICTMENT AND INFORMATION—RAPE.
   One charged with rape may be convicted of assault with intent to commit rape, assault and battery, or simple assault.

2. SAME—AMENDMENT TO CORRECT DEFECT MAY NOT CHARGE MORE SERIOUS OFFENSE—STATUTES.
   Although 3 Comp. Laws 1929, § 17290, permits amendment of information in respect to defects, imperfections, or omissions in form or substance or of any variance with evidence, it does not permit amendment of information after trial has begun so as to charge different crime, punishable with more severe penalty.

3. SAME—ATTEMPT TO RAPE—ASSAULT WITH INTENT TO RAPE.
   It was reversible error, after trial had begun, to permit information charging attempt to rape (3 Comp. Laws 1929, § 17342) to be amended so as to charge assault with intent to commit rape, for which more severe penalty is provided (3 Comp. Laws 1929, § 16728).

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted April 14, 1932. (Docket No. 163, Calendar No. 35,907.) Decided September 16, 1932.

John A. Gibbons was convicted of assault with intent to commit rape. Reversed.

*Rodney Baxter,* for appellant.

*Paul W. Voorhies,* Attorney General, *Clarence L. Smith,* Prosecuting Attorney, and *Edward J. Fallon,* Assistant Prosecuting Attorney (*H. B. Selden,* of counsel), for the people.

BUTZEL, J. John A. Gibbons appeals from a judgment of conviction of assault with intent to commit

rape. As only questions of law are raised, it is unnecessary to review the facts. The original information charged that "John A. Gibbons attempted to rape and ravish Lillian Bennett." At the trial, prior to the introduction of any evidence, and in the absence of the jury, respondent's attorney moved to quash the information on the ground that the testimony at the examination before the justice showed an attempt to seduce and not to rape. Thereupon the prosecuting attorney was permitted to amend the information so as to charge "assault with intent to commit rape." Respondent's attorney stated that he was willing to admit, for the purpose of argument, that the testimony at the examination did show the elements of assault with intent to rape, to some extent, but that the information could not be amended so as to charge a different crime. The court held that the "kindred" offenses were so "similar" that he would permit the amendment. He also refused to grant respondent a continuance.

It is claimed that the court erred in permitting the amendment and refusing to grant an adjournment, and also that there should have been a new arraignment and examination under the amended information. The charge in the original information was worded in accordance with the abbreviated forms in subsection headed "Attempt" under · 3 Comp. Laws 1929, § 17258. It was in proper form. No bill of particulars was requested by respondent. Respondent claimed that an attempt to commit rape is a common-law misdemeanor and not a statutory offense. 3 Comp. Laws 1929, § 17342, distinctly provides a punishment for every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the per-

petration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt. The punishment for attempting to commit rape under 3 Comp. Laws 1929, § 17342, subd. 2, is for a term of not over five years; that for assault with intent to commit rape is for a term of not over 10 years (3 Comp. Laws 1929, § 16728). One charged with rape may be convicted of assault with intent to commit rape, assault and battery, or simple assault. *People* v. *Eddy,* 252 Mich. 340, 348.

It is claimed, however, that assault with intent to commit rape is a different crime entirely from an attempt to commit rape, and that the information charging one crime cannot be amended so as to charge an entirely different crime. The distinction between the two crimes is pointed out in *People* v. *Gardner,* 98 Cal. 127 (32 Pac. 880); *Ex Parte Stahlnaker,* 93 Kan. 622 (144 Pac. 832); *Payne* v. *Commonwealth,* 33 Ky. Law Rep. 229 (110 S. W. 311); *Miller* v. *State,* 84 Tex. Cr. R. 168 (206 S. W. 524); *Ross* v. *State,* 16 Wyo. 285 (93 Pac. 299, 94 Pac. 217); *Bowmer* v. *State,* 157 Tenn. 124 (6 S. W. [2d] 326); *Fox* v. *State,* 34 Ohio St. 377. Also see *Hogan* v. *State,* 50 Fla. 86 (39 South. 464, 7 Ann. Cas. 139). On the other hand, the following cases hold that the two crimes are similar: *Rookey* v. *State,* 70 Conn. 104 (38 Atl. 911); *Johnson* v. *State,* 14 Ga. 55; *Lewis* v. *State,* 35 Ala. 380; *State* v. *Smith,* 80 Mo. 516; *State* v. *Frazier,* 53 Kan. 87 (36 Pac. 58, 42 Am. St. Rep. 274). An attempt to commit rape is usually accompanied with an assault, though cases may arise where there is no assault. It is also true that the statute makes an assault with attempt to commit rape a more serious offense with a more severe punishment. Were the two crimes not so similar,

we would have no hesitancy in stating that the amendment permitted by the court was improper. The question arises as to whether the information was properly amended under 3 Comp. Laws 1929, § 17290, which states that the court may at any time before, during, or after the trial, amend the information in respect to any defect, imperfection, or omission in form or substance or of any variance with the evidence. It further provides that no action of the court in refusing a continuance or postponement under this section shall be reviewable except after motion to and refusal by the court to grant a new trial therefor, and no writ of error or other appeal based upon such action of the court shall be sustained, nor reversal had, unless, from the consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted. While the statute, being part of code of criminal procedure of 1927, was adopted to eliminate some of the technicalities which have surrounded the practice of criminal law, it does not permit the amendment of an information after trial has been begun so as to charge the accused with a different crime, punishable with a more severe penalty. There is no proper information charging defendant with the crime of assault with intent to commit rape. For this reason the judgment of conviction is reversed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.