[File No. Cr. 202]

STATE OF NORTH DAKOTA, Respondent, v. ERNYE BECKER, Appellant.

(21 NW2d 532)

Opinion filed January 30, 1946

*Scott Cameron,* for appellant.

*Emil A. Giese,* State's Attorney; for respondent.

NUESSLE, J. The defendant Ernye Becker was informed against on a charge of rape. He was tried to a jury and found guilty of assault with intent to commit rape. Thereafter he moved for a new trial. The motion was denied and judgment was entered on the verdict. Whereupon he perfected the instant

appeal from the judgment of conviction and from the order denying his motion for a new trial.

The information charges rape in the first degree by force and violence. The defendant on this appeal concedes that it is sufficient. He predicates his appeal, as he did his motion for a new trial, on two grounds: First, that the evidence is insufficient to support the verdict that was returned and, second, that under our statutes there is no such offense as assault with intent to commit rape.

We have examined the record. The testimony of the prosecutrix, if true, is sufficient to establish a rape by force and violence. Counsel for the defendant, however, contends as to the insufficiency of the evidence, not that it is insufficient to sustain a verdict of rape by force and violence as charged in the information, but that it is insufficient to sustain the verdict of guilty of the included offense of assault with intent to commit rape as returned by the jury. His argument is that the testimony of the prosecutrix is sufficient to warrant a finding of rape in the first degree by force and violence. That the jury, by returning the verdict which they did, acquitted the defendant of this offense. Therefore, they must have found that the prosecutrix had testified falsely as to the commission of the acts tending to establish the rape. So, having testified falsely as to those material matters, the jury were bound to disregard all of her testimony not corroborated by other credible evidence, that there was no corroboration of her testimony as to the assault. Accordingly, there was no credible evidence on which their verdict could be based. It is clear to us, however, there is no merit to this rather ingenuous argument. The jury were not bound to disregard all of the testimony given by the prosecutrix, though they may have disbelieved some of her testimony touching material matters. They were the judges of the credibility of the witness. It was for them to say how much credence they should give to her testimony; whether they should believe all of it, or a portion of it, or none of it. Having returned the verdict as they did, they must have believed that part of her

testimony which enabled them to find the facts on which they predicated their verdict.

The defendant further contends that the statute nowhere defines the offense of assault with intent to commit rape. Pursuant to this contention he excepted to and predicates error on the instructions of the court, wherein the court charged that the offense of assault with intent to commit a felony, namely, rape, was included within the offense charged in the information and in case the State had failed to prove by evidence that satisfied the jury beyond a reasonable doubt of the defendant's guilt of rape in the first degree as charged, but had proved by evidence that satisfied the jury beyond a reasonable doubt that he had committed an assault upon the prosecutrix with intent to commit rape, they should find him guilty of that offense. Consistent with this contention he also insists that the court erred in receiving and entering judgment on the verdict as returned.

The statute, § 10,890, Comp Laws 1913 (§ 29-2223, Rev Code 1943), provides "Upon an information . . . for any offense, the jurors may convict the defendant . . . of any offense which is necessarily included in the offense charged." Section 9532, Comp Laws 1913 (§ 12-2612, Rev Code 1943), provides "Every person who is guilty of an assault with intent to commit any felony other than an assault with intent to kill, the punishment for which assault is not prescribed in § 9531, Comp Laws 1913 (§ 12-2611, Rev Code 1943) shall be punished" as the statute provides. This latter statute was inherited from the Territorial Codes and is found as section 292 of the Penal Code of the Dakota Revised Code of 1877. Of course the offense of rape in the first degree is a felony since it is punishable by imprisonment in the penitentiary. See, § 9197, Comp Laws 1913 (§ 12-0107, Rev Code 1943). And this court has held in so many words that under an information charging the defendant with the crime of rape in the first degree by force and violence a verdict of guilty of assault with intent to commit rape may be returned. State v. Bancroft, 23 ND 442, 137 NW 37. See also Territory v. Godfrey, 6 Dak 46, 50 NW 481; State v. Fujita, 20 ND 555, 129 NW 360, Ann Cas 1913A 159; State v. Murbach, 55

ND 846, 215 NW 552. Accordingly the instructions given by the trial court on account of which the defendant complains, were correct. It follows that there was no error in receiving the verdict returned by the jury and in pronouncing and entering judgment thereon.

The judgment and order are affirmed.

CHRISTIANSON, Ch. J., and BURKE, MORRIS and BURR, JJ., concur.