Per Curiam.

The primary question raised by this action is whether an accused indicted for forcible rape may be found guilty of assault with intent to rape under such indictment. The determination of this issue rests upon whether assault with *208 attempt to rape is a lesser included offense of rape. If so, petitioner was properly convicted.
Section 2945.74, Revised Code, provides in part:
“The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.” State v. Hreno, 162 Ohio St., 193; and State v. Curtis, 149 Ohio St., 153.
Thus, the ultimate issue is whether assault with intent to rape is a lesser included offense of rape.
“An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment.” State v. Hreno, supra.
“An assault is an unlawful offer or attempt, coupled with a present ability, to inflict an injury upon the person of another.” 5 Ohio Jurisprudence (2d), 102, Assault and Battery, Section 2.
Assault with intent to rape is a crime under the provisions of Section 2901.24, Revised Code. Necessarily, a consummated rape begins with an assault to attempt to rape. Therefore, assault with intent to rape is a lesser included offense of rape, and one indicted for rape may be convicted of assault with intent to rape. People v. Futamata, 140 Colo., 233, 343 P. (2d), 1058; State v. Becker, 74 N. D., 293, 21 N. W. (2d), 532; People v. Gibbons, 260 Mich., 96, 244 N. W., 244; and 42 Corpus Juris Secundum, 1306, Indictments and Informations, Section 285.
Petitioner alleges further that his indictment was void because he was indicted jointly with two others for raping the same girl. As petitioner aptly points out, three people cannot rape the same girl at the same time. The indictment did not so allege. It merely alleged that, on or about December 11, these men had carnal knowledge of the victim; it did not allege that this carnal knowledge was at the same time.
However, this at the most was a misjoinder of defendants *209 and was not even a ground for quashing the indictment ,in the first instance, only a ground for severance thereof. Section 2941.28, Revised Code.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.