Hart, J.
 

 The question for determination is whether the trial court erred in submitting to the jury the con- • sideration of the offense of assault with intent to rob, the subordinate questions being ..whether such offense is an included or inferior offense to armed robbery, and, if so, whether there was substantial evidence of assault with intent to rob.
 

 Section 13448-2, General Code, in part, declares:
 

 “The jury piay find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense. * * *”
 

 In construing former Section 13692, General Code (now Section 13448-2), this court has held that in a criminal case, the trial court is warranted in charging on any offense necessarily included in that with which a defendant is charged in the indictment, or is warranted in charging on an attempt to commit any such included offense, provided such attempt is itself a separate offense, and provided there is substantial evidence of an attempt to commit such included offense.
 
 Bandy
 
 v.
 
 State,
 
 102 Ohio St., 384, 131 N. E., 499, 21 A. L. R., 594;
 
 Windle
 
 v.
 
 State,
 
 102 Ohio. St., 439, 132 N. E., 22;
 
 Dresback
 
 v.
 
 State,
 
 38 Ohio St., 365.
 

 The Court of Appeals in the instant case held that the offense of armed robbery as defined in Section 12432-1, General Code, necessarily includes the offense of robbery as defined in Section 12432, General
 
 *155
 
 Code; that assault with intent to commit robbery is, under Section 12421, General Code, an offense at law; that the offense of assault with intent to rob constitutes an attempt to rob
 
 (Fox
 
 v.
 
 State,
 
 34 Ohio St., 377); and that, as assault with intent to commit robbery is an attempt to rob and is an offense at law, such assault is, within the purview of Section 13448-2, General Code, included in the offense of armed robbery.
 

 This- court is in accord with that holding. In other words, an assault with intent to rob constitutes an attempt to rob and is an offense at law and, within the purview of Section 13448-2, General Code, is included in the offense of robbery; and since robbery is included within the offense of armed robbery, charged in the indictment, the charge of assault with intent to rob' is an offense under the law and is included within the offense of armed robbery.
 

 The Court of Appeals found, however, that there was no evidence to support the verdict of assault with intent to rob and for that reason reversed the judgment and remanded the case as to Curtis to the Common Pleas Court for a new trial. This the state claims was prejudicial error.
 

 There is substantial evidence in the record tending to prove a factual situation as follows:
 

 On the evening in question the defendants, Curtis and Brinkman, together with Eugene Conner, Raymon Lacock, Benny Ésque, Charles Sweitzer and Benson Neiford met in the city of Lima and motored out to the home of Curtis in Auglaize county to engage in a poker game.
 

 During the game there was some bickering among the players as to whether the cards used were mutilated or marked. Conner was a consistent winner and Curtis a consistent loser in the game. Curtis denied that he or his wife had any gun during the evening. However, there is evidence in the record to the effect
 
 *156
 
 that shortly before the game broke up Curtis called his wife aside, had a conversation with her and a little later asked her to go upstairs for some money, which she did. She then came downstairs during the ensuing melee and stood near the card table with a gun in her hand.
 

 When Curtis lost his last bet to Conner, the former grabbed the pot, scuffled with Conner for it and slapped or struck him in the face. Curtis then engaged in a fight with Sweitzer, knocking him down and injuring him to such extent that Curtis and one or two of the other members of the group later took Sweitzer to a Lima hospital.
 

 There is testimony to the effpct that, when Curtis grabbed the money off the table, he said, “I want that money and want what’s in your pockets too, goes for all of you”; that, thereupon, Conner took $200 from his pocket and laid it on the table; that Curtis grabbed the money and struck Conner in the face; that Sweitzer •said, “this is robbery”; and that Brinkman then spoke up and said, “your damn right this is robbery, what are you going to do about it? ” There is also testimony that two or three of the players jumped up and attempted to run out of the house, whereupon Curtis said, “lock the door, don’t leave anybody out.”
 

 In view of the record, this court is of the opinion that there was substantial evidence which, if believed, would tend to prove the offense of assault with intent to commit robbery. Curtis claimed that he did not secure or take more money than he had lost, hut there is testimony to the contrary. On the other hand, the evidence is in dispute as to whether he had secured all the money which he had proposed or hoped to secure from the other members of the group.
 

 Under the evidence, this court is of the opinion that the Court of Appeals was not warranted in reversing the judgment of the trial court as to Curtis.
 

 
 *157
 
 The judgment of the Court of Appeals as to Curtis is reversed and that of the Court of Common Pleas .affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.