The State of Ohio, Appellee, *v.* Ross, Appellant.

(No. 105—Decided January 4, 1954.)

*Mr. Harvey E. Hyman,* for appellee.
*Mr. Otto W. Hess* and *Mr. George A. Meekison,* for appellant.

Guernsey, J. This is an appeal on questions of law from a final order of the Court of Common Pleas of Paulding County, Ohio, in an action wherein the appellee, state of Ohio, was plaintiff and the appellant, Wendell Robert Ross, was the defendant.

The grand jury of Paulding county returned an indictment against the defendant, charging:

"That Wendell Robert Ross on or about the 23rd day of January in the year of our Lord one thousand, nine hundred and fifty-three, at the county of Paulding aforesaid being then eighteen years of age raped or ravished one Shirley Jean Mason she the said Shirley Jean Mason being then under the age of sixteen years, to-wit: about 13 years, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Ohio."

This indictment is predicated upon the provisions of Section 12414, General Code, reading as follows:

"Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her consent shall be imprisoned in the penitentiary not less than one year nor more than twenty years, or six months in the county jail or workhouse. The court is authorized to hear testimony in mitigation or aggravation of such sentence."

The defendant was tried by a court and jury on such indictment and the jury upon such trial returned a verdict, which, omitting caption and signatures, is in the words and figures following, to wit:

"We, the jury in this case, duly impaneled and sworn and affirmed, find the defendant, Wendell Robert Ross, not guilty of rape on female under sixteen (16) years, in manner and form as he stands charged in the indictment. But we do find him guilty of attempt to commit rape as therein charged."

The offense of which the verdict of the jury found the defendant guilty is one of the classes of offenses enumerated in Section 13451-20, General Code, wherein it is, among other things, prescribed that a person convicted of such an offense "after conviction and before sentence" must be referred "for examination" as

to his mental condition "to a state facility designated by the department" of welfare.

Pursuant to the provisions of the section above mentioned, the court did not then render sentence on such verdict as it would in criminal cases not coming within the classes mentioned in such section, but made the following order, to wit:

"It is ordered by the court that the defendant herein, Wendell Robert Ross, be committed to the Lima State Hospital, Lima, Ohio, for not to exceed sixty (60) days for observation and examination according to law, under General Code Section 13451-20."

This is the order from which this appeal is taken.

The defendant, appellant herein, assigns error in the following particulars:

1. In overruling the defendant's motion for arrest of judgment.

2. In overruling defendant's motion for a new trial.

3. The order of commitment of the court is contrary to law.

4. The court erred in the admission of evidence offered by plaintiff over the objection of defendant.

5. The court erred in rejecting evidence offered by the defendant.

6. The verdict and judgment of the court are not sustained by sufficient evidence.

7. The verdict and judgment of the court are against the weight of the evidence.

8. The judgment, order and decree of the court committing the defendant to the Lima State Hospital contravenes Article 1, Section 10 of the Constitution of the state of Ohio, and the 14th Amendment to the Constitution of the United States of America in this— that the defendant is being deprived of his liberty without due process of law, in this, that he has not been convicted of any offense which is defined as a

crime by the laws of the state of Ohio, and that the indictment against him does not sufficiently inform him of the nature of the accusation against him, and that he has been committed to an institution for the insane without any hearing upon his sanity, and that the portion of Section 13451-20 of the General Code of the state of Ohio which provides for a commitment to an institution for observation after a defendant has been found guilty by a jury, and before sentence, is in violation of both sections of said Constitution.

These claimed errors will be considered in the order in which they are assigned, but in considering these assignments it is essential that the following matters be kept in mind:

Section 13448-2, General Code, among other things, prescribes:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

The offense charged in the indictment in the instant case is that the defendant, being over the age of 18 years, did rape or ravish one female person under the age of 16 years. As hereinbefore mentioned, the indictment is predicated upon the provisions of Section 12414, General Code, which, among other things, prescribes:

"Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her consent shall be imprisoned in the penitentiary not less than one year nor more than twenty years, or six months in the county jail or workhouse."

It will be noted that the indictment does not charge that the rape or ravishment was "with the consent" of the prosecuting witness.

The provisions of the above-mentioned section were formerly incorporated in Sections 6816 and 6817, Revised Statutes, and were under consideration in the case of *State* v. *Carl,* 71 Ohio St., 259, 73 N. E., 463, wherein it was held:

"On the trial of an indictment under Section 6816, Revised Statutes, for carnally knowing and abusing a female person under the age of sixteen years with her consent, the evidence having established the carnal knowledge and the alleged ages of the parties, evidence tending to show that the act was committed without consent does not constitute a fatal variance."

Subsequent to the above decision and in 1910, Section 6816, Revised Statutes, was codified in a number of separate sections as a part of the General Code.

Between the date of the decision above quoted and the date of said codification, the Legislature made no material changes in the provisions of Section 6816.

It is a settled rule of construction that where the entire legislation affecting a particular subject matter has undergone revision and consolidation by codification, the revised sections will be presumed to bear the same meaning as the original sections, and will be so construed, unless it appears that a change was intended by the Legislature. See 37 Ohio Jurisprudence, 757, Statutes, Section 429, and *Loftin* v. *Loew's, Inc.,* 75 Ohio App., 448, 62 N. E. (2d), 535.

To the same general effect as the holding in *State* v. *Carl, supra.* See, also, *Radke* v. *State,* 107 Ohio St., 399, 140 N. E., 586.

Under the construction placed on the provisions mentioned in the case of *State* v. *Carl, supra,* which construction is still effective as to the codified sections, the consent or lack of consent of the prosecuting wit-

ness is not an essential element of the offense defined in Section 12414, General Code, and it is unnecessary to charge consent in the indictment or to prove on the trial of the indictment the fact that the prosecuting witness consented or did not consent. The offense is complete without such consent.

The same construction is applicable to the provisions of Section 12415, General Code, and so construed, the offense defined by said section constitutes an attempt to commit the offense defined in Section 12414, General Code, is in itself an offense at law and comes within the purview of Section 13448-2, General Code, authorizing a jury to find a defendant not guilty of committing the offense charged in an indictment but guilty of an attempt to commit such offense.

Before the 1910 codification of Sections 6816 and 6817, Revised Statutes, Section 6816 prescribed:

"Whoever has carnal knowledge of a female person, forcibly and against her will, or, being eighteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape."

In Section 12414, General Code, which is a codification of the last part of Section 6816, Revised Statutes, hereinabove mentioned, the clause defining carnal knowledge of a female person under 16 years by a person over 18 years old as "rape" is omitted, but there is nothing in said section indicating any intent on the part of the Legislature to change the character of the offense defined in Section 6816, Revised Statutes. In this situation, the above-mentioned rule as to the construction of the provisions of codified sections of statutes is applicable. Under this rule the codified section has exactly the same meaning as the Revised Statute section which was codified, and "carnally know" as used in the codified section is the equivalent of "rape." An attempt to carnally know and abuse a female per-

son under 16 years of age by a person of 18 years of age is an attempt to commit rape.

We will now proceed with a consideration of the assignments of error.

Assignments of error Nos. 1, 2, 4 and 5.

These assignments of error are not specified or argued in defendant's brief and in the exercise of our statutory prerogative will not be considered.

Assignments of error Nos. 3 and 8.

As these assignments of error involve the same general question, they will be considered together.

Under the provisions of Section 13451-20, General Code, it was the mandatory duty of the court to commit the defendant for not to exceed 60 days for observation and examination as to his mental condition, and the order of commitment appealed from is in conformity with the provisions of said section.

The order of commitment was valid unless the statute upon which it is based is unconstitutional. We will therefore consider the question of the constitutionality of the statute.

It will be noted that such commitment is required to be made only upon conviction, *i. e.*, upon verdict of the jury finding the accused guilty of one of the classes of offenses enumerated in such section, the offense of which the defendant was found guilty being one of such classes.

The section is a humane section, designed to prevent the sentences of mentally ill persons to penal servitude from being executed during the period of their mental illness and to provide for their incarceration in a state mental hospital where they may receive treatment for the condition from which they are suffering, instead of a penal institution.

By the verdict of the jury, the accused is made subject to confinement and the place and manner of confinement are subject to determination under the pro-

visions of such section and it is only after the observation and examination and report of the mental condition of the accused pursuant to the provisions of such section is had, and after an inquest into the mental condition of the accused is duly had in court, and after a finding is made by the court that the accused is mentally ill, mentally deficient, or a psychopathic offender and such finding entered on the records of the court, that accused may be sentenced. Concurrently with the sentence, the court enters an order of indefinite commitment of such person to the department of public welfare, during the continuance of which the execution of sentence is suspended.

If, upon such inquest, the accused is not found mentally ill, mentally deficient, or a psychopathic offender, he is subject to sentence upon the verdict of the jury in the same manner as any other offender not coming within the purview of said section.

The statute is for the protection and benefit of both the public and the offender.

The provisions of the statute are reasonable, come within the legislative powers of the state, and do not contravene Section 10, Article I of the Constitution of Ohio, or the Fourteenth Amendment of the Constitution of the United States, or any other provisions of the state or federal Constitutions.

Assignments of error Nos. 3 and 8 are, therefore, without merit.

Assignments of error Nos. 6 and 7.

As we have shown in our discussion preceding the consideration of the assignments of error, the offense of which the defendant was convicted constituted an attempt to commit the offense charged in the indictment, and the jury was warranted, under the law, in finding the defendant guilty of such offense.

An inspection of the bill of exceptions discloses that

the court properly submitted the question of defendant's guilt or innocence of such offense to the jury.

As shown in our discussion preceding the consideration of the assignments of error, the consent of the prosecuting witness was not an essential element of either the offense charged in the indictment or the attempt to commit the same and the failure to charge 't in the indictment or to prove it on the trial does not in any way invalidate the verdict of the jury finding the defendant guilty of an attempt to commit rape.

Neither does the fact that the evidence in the instant case shows that the defendant either committed the offense charged in the indictment or did not commit such offense invalidate the judgment, as an attempt to commit an offense is necessarily comprehended in the commission of an offense. Substantial evidence tending to prove the commission of an offense also tends to prove an attempt to commit such offense. This in effect is the ruling of the Supreme Court in the case of *State* v. *Curtis*, 149 Ohio St., 153, 78 N. E. (2d), 46.

Under the law of Ohio as we have hereinbefore mentioned, an indictment under the provisions of Section 12414, General Code, of a person over 18 years of age for carnally knowing and abusing a female person under 16 years of age, with her consent, has the effect also of charging the accused person with an attempt to commit rape of a female person under 16 years of age, with her consent, as such offense is defined in Section 12415, General Code, and sufficiently informs the accused that he is charged with committing rape and also with attempting to commit rape, and conforms to all the constitutional requirements as to the manner in which a person should be charged with the commission of an offense and does not contravene any of such constitutional requirements.

The court in its instructions to the jury fully in-

formed it as to what constituted the crime of attempt to rape as defined in Section 12415, General Code, and the verdict of the jury finding the defendant guilty of an attempt to rape is in conformity with these instructions. The fact that the jury found the defendant not guilty of the offense of rape as defined in Section 12414, General Code, and charged in the indictment did not preclude the jury from finding the defendant guilty of an attempt to rape.

There is competent, credible and substantial evidence tending to support the verdict of the jury by the degree of proof required in criminal cases and the verdict is sustained by sufficient evidence and is neither contrary to law nor against the manifest weight of the evidence.

Assignments of error Nos. 6 and 7 are, therefore, without merit.

As we find no error in any of the particulars specified and argued in defendant's brief, the order of the Common Pleas Court from which this appeal is taken is affirmed at the costs of the defendant and the cause is remanded to the Common Pleas Court to cause the terms of said order to be carried out, and for further proceedings according to law.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.