IN RE HENRY: HENRY *v.* ALVIS, WARDEN.

(No. 5055—Decided February 8, 1954.)

Mr. *Edgar I. Shott, Jr.,* for petitioner.
Mr. *C. William O'Neill,* attorney general, Mr. *Thomas R. Lloyd* and Mr. *Earl N. Merwin,* for respondent.

WISEMAN, P. J. Petitioner, Clarence Henry, has invoked the original jurisdiction of this court by filing a petition in habeas corpus to obtain his release from incarceration in the Ohio Penitentiary to which he was sentenced after pleading guilty to an indictment charging him with taking indecent and improper liberties with the person of a child under the age of 16 years, contrary to the provisions of Section 12423-1, General Code (Section 2903.01, Revised Code).

The petitioner first entered a plea of ''not guilty by reason of insanity.'' The court committed him to Lima State Hospital for a period not to exceed 30 days for observation and examination under Section 13441-4, General Code (Section 2945.40, Revised Code). The superintendent of Lima State Hospital reported that the accused was legally sane. Upon being returned to Hamilton County, the accused, through his attorney, withdrew his former plea and entered a plea of guilty, which was accepted by the court. The court immediately sentenced him to the Ohio Penitentiary for the term of from one to 10 years.

Petitioner contends that the sentence was illegal and void on the ground that the sentencing court failed to comply with the provisions of Section 13451-20, General Code (Section 2947.25, Revised Code).

The pertinent part of this section provides:

''After conviction and before sentence, a trial court must refer for examination all persons convicted under Sections 12413, 12414, 12415, 12423-1, 13023 or 13043 of the General Code, to the department or to a state facility designated by the department, or to a psychopathic clinic approved by the department, or to three psychiatrists.''

It will be observed that the offense to which petitioner pleaded guilty is one of those enumerated in the above-mentioned statute. The petitioner contends that

the provisions of this section are mandatory and that a noncompliance renders the sentence void. The state claims that there has been a substantial compliance by reason of the commitment to Lima State Hospital prior to conviction.

A reference under Section 13451-20, General Code (Section 2947.25, Revised Code), serves a different purpose than a commitment under Section 13441-4, General Code (Section 2945.40, Revised Code). Under the latter section the purpose is to ascertain whether the accused should be placed on trial, whereas under the former section the purpose is to require a psychiatric examination in order that the court may be advised what sentence to pronounce and to which institution the convicted person should be committed. Therefore, a commitment prior to conviction does not comply with the provisions of the section requiring a reference after conviction. The statute (Section 13451-20, General Code [Section 2947.25, Revised Code]), provides that the court "must refer for examination." In our opinion the provisions of this section are mandatory and the court was without jurisdiction to sentence the accused until after compliance with its provisions. It follows that the sentence is void and that the petitioner should be discharged.

The court orders Alvis, Warden, to discharge the petitioner and to deliver him to the custody of the sheriff of Hamilton County, who will return him to the Court of Common Pleas of that county for further proceedings according to law.

*Judgment accordingly.*

Miller and Hornbeck, JJ., concur.