THE STATE OF OHIO, APPELLEE, *v.* LEE, APPELLANT.

(No. 2472—Decided July 13, 1977.)

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. Ernest E. Hume,* for appellee.

*Mr. Robert J. Croyle,* for appellant.

MAHONEY, P. J.   This is an appeal from concurrent sentences imposed on the defendant, Amos Lee, as the result of a plea bargain in which he pled guilty to rape, aggravated robbery, and felonious assault. Three other felony counts were nolled.

### Facts

The defendant first appeared in court on April 14, 1976, with retained counsel. Retained counsel was discharged on July 8, and an attorney was appointed on the grounds of indigency. The cases had been previously set for a jury trial on July 26. On July 12, the appointed attorney resigned at the defendant's request and a third attorney, John Gannon, was appointed in the event the defendant was unable to employ private counsel. The same journal entry confirmed the July 26 jury trial date.

On July 10, defense counsel moved for a continuance to have more time to prepare for trial and the court granted a continuance until August 26.

On August 10, the defendant filed a *pro se* request for the court to remove Gannon and for discovery and inspection. Gannon reported to the court that he and the defendant did not have as open a relationship as Gannon would like. The defendant also sought time to obtain a potential exculpatory witness and a copy of the transcript from the July 8 hearing on a motion to suppress evidence.

The trial court denied the continuance but indicated he would consider an extension if the transcript was not ready and was necessary for the defense. He also made arrangements for an investigator to locate potential witnesses for the defense,

On August 16, the defendant appeared without counsel and requested a continuance to obtain private counsel for whom he said his family was going to pay. He also requested the address of a particular witness. The trial court refused the continuance, but ordered the prosecutor to furnish the defense with the name of an informant they thought had knowledge of the case.

Thereafter, the prosecutor, the defendant and defense counsel met privately and the plea bargain was made. The trial court accepted the plea bargain after scrupulously complying with Crim. R. 11. Additionally, he accepted a waiver by the defendant of his right to a psychiatric examination under R. C. 2947.25 and sentenced him directly to the penitentiary.

### *Assignment of Error I*

"The failure of the trial court to conduct a pre-sentencing psychiatric hearing as required by O. R. C. 2947.25 was prejudicial error which operates to void appellant's sentence."

The issue here is whether the defendant can waive the pre-sentence psychiatric examination under R. C. 2947.25 (A), which provides:

"After conviction and before sentence, a trial court shall refer for examination all persons convicted of a violation of section 2907.02 or 2907.03 of the Revised Code, a felony violation under section 2907.04 of the Revised Code, a violation of section 2907.07 or 2907.08 of the Revised

Code or a felony violation under section 2919.22 of the Revised Code, and all persons convicted of abusing, beating, torturing, starving or otherwise causing physical injury to a child to the department of mental health and mental retardation or to a state facility designated by the department, or to a psychiatric clinic approved by the department, or to three psychiatrists."

The purpose of the section is to assist the trial court in determining whether an individual should be sentenced to a penal institution or a hospital for treatment. *State* v. *Ross* (1954), 96 Ohio App. 157. The section has been interpreted as being jurisdictional. *In re Henry* (1954), 97 Ohio App. 64. It has also been interpreted to be part of the sentencing process and required by law. *State* v. *Morgan* (1972), 32 Ohio St. 2d 196; *State* v. *Abner* (1974), 43 Ohio App. 2d 141.

We hold as the court did in *Ross, supra,* that the mandate for the psychiatric report is a humane section designed to prevent the mentally ill from being incarcerated in a penal institution. The trial court's inquiry of the defendant, whether he had ever been confined to a mental institution or received treatment for mental disease, is not an adequate substitution for the comprehensive medical examination dictated by the state. Neither the defendant, his trial counsel, nor the court is competent to determine whether the accused is mentally ill or deficient. We hold that the examination is part of the sentencing process and may not be waived by the defendant or his counsel.

## Assignment of Error II

"Appellant's plea of guilty was not a knowing, intelligent and voluntary waiver of his constitutional rights since immediately prior to his plea of guilty the trial court refused to grant defense counsel a continuance at the day of trial in order to adequately prepare his case."

The thrust of this assignment is that the defendant's counsel did not have adequate time to prepare for the trial. When the court refused the continuance, the defendant was "forced" into a plea bargain. His waivers of rights were not free, voluntary and with understanding because his

advice came from counsel who was not thoroughly prepared for trial since he needed more time .

A continuance was within the trial court's discretion. The defendant's attorney had five weeks to prepare. That counsel's preparation may have been hampered by the defendant's lack of communication with him is the defendant's responsibility. The defendant had three other attorneys before Gannon. He had the benefit of a private investigator at state expense. The trial court made a conspicuous effort to see that Crim. R. 11 was "scrupulously adhered to." The defendant voluntarily waived his rights after explanation by the court. The defendant also made a specific judicial confession to the charges on which he was sentenced. He struck a bargain and received its benefits.

*Summary*

We find that the second assignment of error is not well taken and the pleas, as received, are proper. However, we also find that the sentence as rendered is void due to the lack of the psychiatric examination. We sustain the first assignment of error.

We remand this matter to the trial court for further proceedings in accordance with R. C. 2947.25.

*Judgment reversed and cause remanded.*

BELL and VICTOR, JJ., concur.