UNITED STATES, Appellant

v.

SAMMIE C. GORDON, Private First Class, U. S. Marine Corps, Appellee

2 USCMA 632, 10 CMR 130

No. 1972

Decided June 12, 1953

CDR Thomas E. Blade, USN, for Appellant.
CDR John T. Davies, USN, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused in this case was originally charged with the rape of a Korean national in violation of Article 120, Uniform Code of Military Justice, 50 USC § 714, and two relatively minor offenses not herein important. The principal offense grew out of the same

632

incident described in United States v. Headspeth (No. 1973), 2 USCMA 635, 10 CMR 133 decided this date. When the court which tried Headspeth returned a finding of guilty of indecent assault only, the convening authority reduced the charge against Gordon to indecent assault. Thereafter, at his trial by general court-martial he entered a plea of guilty. He was found guilty and sentenced to dishonorable discharge, total forfeitures, reduction in rating, and confinement at hard labor for two years. Both the findings and sentence were approved by the convening authority. Thereafter a Navy board of review, having set aside the findings in the Headspeth case, determined that the charge of indecent assault in this case should be similarly disposed of, assigning the following reasons:

"Since the accused in this case and Headspeth were involved with the same victim under the same circumstances, and in justice to the accused we hold as we did in the Headspeth case that the charge of indecent assault in violation of Article 134 should be set aside."

The Judge Advocate General of the Navy has certified the following to this Court:

"a. If the action of the Board of Review in the case of United States v. James Headspeth, supra, is held to be incorrect in law, it is requested that appropriate action be taken to cause the Board of Review to modify its action in this case.

"b. Assuming the action of the Board of Review in the case of United States v. James Headspeth supra, is affirmed, was the action of the Board of Review in this case, as a matter of law, a proper exercise of the authority vested in it by Article 66(c), Uniform Code of Military Justice?"

In view of our disposition of the Headspeth case, supra, we can effectively dispose of the matters certified by construing both questions as presenting but one issue, namely: "Was the action of the Board of Review in setting aside the findings of the court-martial a proper exercise of its authority?"

Boards of review, as we have declared, are mere creatures of statute whose power and authority are found exclusively within the confines of the creating legislation. United States v. Benney Ray Simmons (No. 940), 2 USCMA 105, 6 CMR 105 decided December 31, 1952. Consequently, if authorization exists for the action of the Board of Review in the instant case it must be found in Article 66 of the Uniform Code of Military Justice, 50 USC § 653. The functions of a board of review are therein described as follows:

"(c) In a case referred to it, the Board of Review shall act only with respect to the findings and sentence as approved by the convening authority. It shall affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, *on the basis of the entire record,* should be approved. In considering the record it shall have authority to weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses." [Emphasis supplied.]

The foregoing provision defines the duties of a board of review. It has no alternative except to affirm such findings of guilty as it finds correct in law and fact, and determines on the basis of the entire record should be approved. A necessary corollary of this is the duty of reversing such findings of guilty as it finds incorrect in law and fact, and determines on the basis of the entire record should not be approved. No problem is presented by this record requiring us to define the limits of the phrase "on the basis of the entire record," or to gauge the differences existing between the scope of the reviews of a board of review and those of an intermediate appellate body in the ordinary civilian sphere.

In this case the board of review had before it a record of trial involving a charge of indecent assault. The sole issue involved in the reference of that

charge for trial was the guilt or innocence of the accused. By entering a plea of guilty to that offense, and persisting in such plea after full explanation of its meaning and effect, the accused resolved that issue by supplying conclusive evidence of his guilt. On the basis of the plea alone the court was warranted, indeed, required by their oath, to return a finding of guilty.

". . . . the accused was fully apprised of the fact that every element of the offense was proven by his plea of guilty and that a plea of not guilty would place upon the Government the burden of establishing his guilt. He thus knew that innocence could not be presumed; that all doubt of guilt had been removed; that the burden of proof on the Government no longer existed; and that there were no facts upon which the court could find him not guilty." [United States v. Lucas (No. 7), 1 USCMA 19, 1 CMR 19, decided November 8, 1951.]

No evidence introduced by the defense in extenuation or mitigation affects this finding in any way. In fact, the pretrial statement of the accused, introduced by the prosecution subsequent to the findings, indicated that not only did the accused commit the crime of rape, but aided and abetted at least one companion in the perpetration of that crime as well. Attached to the record of trial is the convening authority's letter order reducing the original charge to indecent assault and directing trial of the accused thereon. We note from the contents of the order itself that this action was occasioned as much by the representation of the accused, Gordon, that he would enter a plea of guilty to such a charge, as by the findings of the court in the Headspeth case. This representation was made after deliberate consultation with his counsel and must be looked upon as intelligently conceived because it resulted in the removal of charges alleging the commission of a capital offense. While we express no view relative to the desirability or feasibility of such a practice before courts-martial, we observe that it has the sanction of long usage before the criminal courts of the Federal and state jurisdictions.

Nowhere in the record of trial or otherwise, is there even an intimation of the accused's innocence. Nothing occurring subsequent to the conclusion of the trial and prior to the consideration by the board of review cast any doubt upon the factual validity of the court's finding. We conclude that the existence of each essential element of the offense of indecent assault was established by the record of trial beyond a reasonable doubt. Consequently his guilt of that offense was determined as a matter of law and as a matter of fact. By predicating its action upon the disposition made in the Headspeth case, the board of review introduced a totally extraneous matter into its consideration and arrived at a conclusion relative to the findings which failed to reflect the issues presented for its determination. The issue in the Headspeth case was whether or not indecent assault is a lesser included offense of rape—solely a question of law. The determination of that issue had no bearing on the issues with which it was concerned in this case, namely, whether or not the accused, Gordon, committed the offense of indecent assault—essentially a factual issue; and the further issue of whether the record discloses any errors prejudicial to the substantial rights of the accused. Article 59 (a), Uniform Code of Military Justice, 50 U. S. C. § 646; paragraph 100a, Manual for Courts-Martial, United States, 1951. Basing its conclusions upon matters wholly unrelated to the legal and factual validity of the findings of the court-martial, the board of review was not acting *"on the basis of the entire record."* It therefore exceeded its authority and its findings must be reversed. United States v. Benney Ray Simmons, supra.

The question certified is answered in the negative. The decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the Navy for referral to the board of review for further action not inconsistent with this opinion.

Judges Latimer and Brosman concur.