UNITED STATES, Appellant

v.

JAMES HEADSPETH, Private First Class,
U. S. Marine Corps, Appellee

2 USCMA 635, 10 CMR 133

No. 1973

Decided June 12, 1953

CDR Thomas E. Blade, USN, for Appellant.
CDR John T. Davies, USN, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, a member of the Marine Corps, was tried by general court-martial at Yongji-Ri, Korea, charged with rape of a Korean national in violation of Article 120, Uniform Code of Military Justice, 50 USC § 714. He was found guilty of the offense of indecent assault "by taking indecent, lewd, and lascivious liberties upon her person with intent to gratify his sexual desires," in violation of Article 134, 50 USC § 728. Subsequent to approval by the convening authority, a Navy board of review, concluding that indecent assault is not a lesser included offense of rape, set the findings aside. The Judge Advocate General of the Navy, in accordance with the provisions of Article 67(b)(2), Uniform Code of Military Justice, 50 USC § 654, has certified the following question for determination:

> "Whether, as a matter of law, the Board of Review erred in setting aside the findings with regard to the aforesaid violation of Article 134, Uniform Code of Military Justice?"

I

In view of the nature of the certified question a detailed statement of the facts giving rise to the charge is unnecessary. It is sufficient to record that the victim testified that two Marines had completed acts of sexual intercourse with her forcibly and against her will. The accused, Headspeth, acknowledged the acts of intercourse but insisted that they were performed with the consent of the woman involved. The co-assailant described by the victim was tried separately and his case is the subject of a separate opinion of this Court. United States v. Gordon (No. 1972), 2 USCMA 632, 10 CMR 130, decided this date.

The basis of the board's conclusion that indecent assault is not ■■■■■■ ■ a lesser included offense of rape is best set out in the language of its decision:

> "The offense of indecent assault has elements of proof not in the offense of rape, to wit: 'taking indecent, lewd, or lascivious liberties' and 'intent to gratify the lust or sexual desires.' To establish the proof of rape it is not necessary to prove that indecent acts were committed or that an intent on the part of the accused existed to gratify his lust or sexual desires. . . ."

The authority of courts-martial to return findings of guilty of offenses necessarily included in offenses charged is found in Article 79 of the Code, 50 USC § 673. Implementing this authorization, Manual for Courts-Martial, United States, 1951, paragraph 158, provides:

> "An offense found is necessarily included in an offense charged if all of the elements of the offense found are necessary elements of the offense charged. An offense is not included within an offense charged if it requires proof of any element not required in proving the offense charged or if it involves acts of which the accused was not apprised . . . ."

Although the Table of Commonly Included Offenses, Appendix 12, of the Manual, lists indecent assault as a lesser included offense of rape, we will approach the problem here presented without reliance thereon, but applying only the standards established by paragraph 158, supra. Without detailing the lurid essentials involved in the offense of rape, it is sufficient to note that such an offender necessarily commits an assault, indeed, a battery which includes an assault, paragraph 207a, Manual for Courts-Martial, United States, 1951; considering the portions of the body necessarily involved, the assault is certainly indecent, and constitutes, at the very least, the taking of indecent, lewd and lascivious liberties upon the person of the victim; finally the only possible intent of the offender is gratification of his lust or sexual de-

sires, although in the offense of rape intent is of no importance. Wigmore, Evidence, 3d ed, section 357(2)'(b), page 266.

We conclude, therefore, that indecent assault is a lesser included offense of rape. Accordingly, the question certified is answered in the affirmative.

## II

In his brief filed in reply to the Government position, appellate defense counsel has advanced the theory that whatever the answer to the question certified may be the conviction may not stand because of the prejudicial error involved in a conference between the law officer and the court. While this position is more properly the subject of a separate petition, we feel in this instance that the contention is worthy of a reply. After the court had retired to consider its findings the law officer was called into the conference room, advised that the court had found the accused guilty of the lesser included offense, and requested to assist in placing the findings in proper form. When the requested assistance had been given, the following colloquy took place:

"PRES: The court would like to know what was the contention and the meaning of the defense counsel when he took exception to the elements of the offense which the law officer gave us, particularly the one as to indecent assault.

"LO: What the counsel had in mind, I, of course, don't know. Since the Manual does show that indecent assault is a commonly included lesser offense of rape, I can only assume that he meant that the evidence before the court does not raise that lesser included offense in this case."

Thereafter the court reopened and the findings, as reported to the law officer, were announced. This reported discussion, occurring subsequent to the conclusion of the court's deliberations, while the law officer was in the proper discharge of his duties, cannot be construed as participation with the court in their deliberations. Since the law officer did not participate in the court's deliberations, no prejudicial error was committed. United States v. Fields (No. 1424), 2 USCMA 278, 8 CMR 78, decided March 5, 1953.

## III

It follows that the decision of the board of review must be reversed, and the record returned to The Judge Advocate General, United States Navy, for action not inconsistent with this opinion.

Judges LATIMER and BROSMAN concur.