UNITED STATES, Appellee

v

KALMAN GUREVICH, Airman Third Class, U. S. Air Force, Appellant

7 USCMA 203, 21 CMR 329

*Major George M. Wilson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Major John M. Rankin* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray, Lieutenant Colonel Emanuel Lewis,* and *Major Fred C. Vowell.*

## Opinion of the Court

Robert E. Quinn, Chief Judge:

This is an appeal from a conviction by a general court-martial for an eight-day unauthorized absence and seven specifications of larceny by check. The only issue is whether the accused was prejudiced by the law officer's instructions on mistake of fact as a defense to the larceny charge.

The evidence shows that the accused drew and negotiated seven checks on two nonexistent New York banks. The checks were issued in Florida within the period from June 30 to July 15, 1955, and totaled over $290.00. In the course of the investigation under Article 32, Uniform Code of Military Justice, 50 USC § 603, the accused told the investigating officer that he "knew he did not have an account at the bank." At the trial, however, the accused testified that a Mr. Simon, for whom he had been working after duty hours for three or four months, owed him $600.00 for earned commissions. Simon did not have the money to pay him. About the middle of June he informed the accused that he was going to New York; and he was "sure of getting some money for his business and some debts." This information led to some talk about payment of the amount due to the accused. Testifying on the substance of the conversation the accused said: "and it got around to talking that maybe he would make a deposit for me. I had had a checking account when my wife and I were first married, and maybe he would make a deposit for me at this bank which I could draw on." The accused did not know the name or address of the bank in which he had had a previous account, but he advised Mr. Simon to communicate with his parents in New York, and they would provide him with that information. He also told him that the bank was "right in . . . [the] neighborhood." Mr. Simon was supposed to leave in a few days. The accused admitted that he did not know whether Mr. Simon had ever left Tampa for New York; he "just assumed" that he had.

In regard to the first five checks that he drew, the accused testified that he believed that the name of the bank in which Mr. Simon was to deposit the money was the Marine Trust Company. Later, when informed by the payee of the June 30th check that it had been returned unpaid, he resigned it and asked that it be redeposited. A day or two later he "waivered in the thought" that the name of the bank was the Marine Trust; then he concluded that it was the First National Bank. Accordingly, he wrote two checks on that bank.

On July 15 the accused left Florida for New York. At no time since his talk with Mr. Simon did he communicate with him or with his parents to

ascertain if any deposit had been made. Simon was not called as a witness. It was asserted by defense counsel that a warrant for fraud and auto theft was outstanding against him, and his whereabouts were unknown.

The accused contends that the evidence reasonably raises mistake of fact as a defense and that the law officer erred in his instructions thereon. In support of this contention he relies heavily upon United States v Rowan, 4 USCMA 430, 16 CMR 4. The facts here, however, are very different. In the Rowan case, the accused had a specific agreement with his sister for the deposit of a definite sum of money in a designated bank. Instead of depositing the money as agreed, the sister sent it to the accused's wife. After waiting several days, but not knowing of the unauthorized diversion of the money, the accused drew checks on his account. In this case the accused's testimony shows, at best, an honest belief that if Mr. Simon could succeed in obtaining a loan, he "maybe" would deposit some of the money to the accused's account. This evidence falls far short of showing that the accused honestly believed that the money was in fact deposited. See United States v Rodriguez-Suarez, 4 USCMA 679, 16 CMR 253. As a result the accused cannot justifiably complain of any purported deficiency in the law officer's instructions on mistake of fact. United States v Mardis, 6 USCMA 624, 20 CMR 340; Galloway v United States, — F2d — (CA DC Cir) (1956).

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.