UNITED STATES, Appellee

v

HENRY R. HOBBS, Specialist Third Class,
U. S. Army, Appellant

7 USCMA 693, 23 CMR 157

No. 8682

Decided April 12, 1957

*First Lieutenant Robert J. Hearon, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Major Frank C. Stetson*.

*First Lieutenant Edward S. Nelson* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant John E. Riecker*.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted by general court-martial of attempted rape, in violation of Article 80, Uniform Code of Military Justice, 10 USC §880, and sentenced to dishonorable discharge, total forfeitures and confinement for three years. The convening authority approved both the findings and sentence, but the board of review reduced the findings to indecent assault and affirmed the sentence. We granted review on the following two issues:

"1. Whether the board of review erred in affirming indecent assault.

"2. Whether the instruction of the law officer that an assault and battery was not in issue was correct."

At about 11:00 p.m. on October 16, 1955, Miss Hilde Fiederlein, a German national who was walking toward her home in a residential district of Mannheim, Germany, suddenly discovered that she was being followed by a soldier who had just passed her on the sidewalk. She became frightened, began to run, and called for help. She was overtaken by her pursuer, who promptly seized her and began a struggle to overcome the resistance she of-

696

fered. Miss Fiederlein broke loose and ran into the street, meanwhile continuing her outcries. The offender caught her again as she reached the middle of the street and began to drag, push, and pull her into the shubbery on the property abutting the roadway. After he accomplished that objective, he pushed her to the ground and attempted to stifle her screams, first by placing his hand over her face, and then by forcing sand and leaves into her mouth. By that time the neighborhood was aroused, and when several nearby residents approached to give aid, the assailant fled. Immediately following this encounter, Miss Fiederlein appeared very excited, had a few scratches on her neck, arms, and legs, her face was smudged with dirt, her hair and clothes were disarranged and dirty, and minor damage was done to her clothing.

Some thirty minutes later, the accused was apprehended by the German police at a point about one-half mile from the scene of the offense. His clothing was rather dirty, and there were thorns and bits of leaves adhering to them. He appeared to be under the influence of alcohol at the time but was not grossly intoxicated. During the next few days, he made several admissions which established that he was present at the scene, although he denied that he had harmed the woman in any way.

After the court had retired to deliberate on the findings, it returned to the courtroom to seek additional instructions on the included offenses. The law officer, after ascertaining the desires of the court, instructed the members that indecent assault and assault and battery were not included offenses to the offense charged. On appeal, the board of review disagreed in part with that ruling, holding that indecent assault was raised as a lesser included offense, and concluded that the law officer's failure to instruct thereon was prejudicial to the rights of the accused. It therefore affirmed that lesser offense to purge the error. Necessarily then, in assessing the correctness of the decision of the board, our first question is whether indecent assault can ever be a lesser included offense to the crime of attempted rape.

## II

It is clear enough that indecent assault is a lesser included offense as to rape. It is listed as such in the Table of Commonly Included Offenses in the Manual (Appendix 12, page 539), and we have expressly so held. United States v Headspeth, 2 USCMA 635, 10 CMR 133. We had no difficulty in reaching that conclusion despite the fact that indecent assault requires the establishment of a specific intent, and rape does not. For as we said in Headspeth, supra, page 636:

". . . Without detailing the lurid essentials involved in the offense of rape, it is sufficient to note that such an offender necessarily commits an assault, indeed, a battery which includes an assault, paragraph 207a, Manual for Courts-Martial, United States, 1951; considering the portions of the body necessarily involved, the assault is certainly indecent, and constitutes, at the very least, the taking of indecent, lewd and lascivious liberties upon the person of the victim; finally the only possible intent of the offender is gratification of his lust or sexual desires, although in the offense of rape intent is of no importance. Wigmore, Evidence, 3d ed, section 357(2)(b), page 266."

Similarly, indecent assault—when raised by the facts—must be regarded as a lesser included offense to assault with intent to commit rape. Manual for Courts-Martial, United States, 1951, Appendix 12, supra, page 540; United States v Burden, 2 USCMA 547, 10 CMR 45.

Attempted rape has been defined as consisting of an overt act toward the commission of rape, which amounts to more than mere preparation, plus the concurrence of a specific intent to rape. 75 CJS, Rape, § 20a, page 486. It is true here, just as is the case with other attempts, that "The line of demarcation between preparation and a direct

**697**

movement toward the offense is not always clear." United States v Choat, 7 USCMA 187, 191, 21 CMR 313. Rather than posing an intricate legal problem, attempts present "a nice question of judgment as to whether the defendants' acts were of such a preliminary nature as to constitute mere preparation for his intended crime— a mere setting of the stage, so to speak —or whether they have come sufficiently close to an accomplished crime to constitute an indictable attempt." Sayre, Criminal Attempts, 41 Harvard Law Review 821, 843. Whatever may be the practical difficulties presented by individual cases, it is enough to say for the present that conceptually, at least, the elements of attempted rape are not difficult of discernment and are as we earlier stated them.

Assault with intent to commit rape consists of an attempt or offer with unlawful force and violence ■ to do bodily harm to another, accompanied by a specific intent to commit rape. Manual for Courts-Martial, supra, paragraph 213$d$(1)(c), page 385. When that crime is compared with the offense of attempted rape, it is at once apparent that the sexual intent is the same in both instances, and that the overt act required for the latter may well consist of an assault. Many courts have had difficulty distinguishing the two offenses, and "there is authority that every assault with intent to rape is an attempt, but that the converse does not follow." 75 CJS, Rape, § 21, page 488. Paragraph 213$d$(1), page 384, of the Manual clearly suggests that, in general, "An assault with intent to commit an offense is not necessarily the equivalent of an attempt to commit the intended offense." However sound this may be in the case of other intended offenses (See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 296, for illustration), it is difficult indeed to conjure up a hypothetical situation to support this where the intended offense is rape. It is at least safe to conclude that in almost all situations where the prosecution could charge and prove an assault with intent to commit rape, it could charge and prove attempted rape as well.

We are sure that it has become evident, through a course of decision, that ■ we apply a fairly liberal standard in determining whether a lesser offense is included within the principal one. Rather than rely upon a theoretical analysis of the offense charged, we have preferred to test the facts stated and proved in support of the principal offense and thus determine whether various lesser offenses are comprehended therein. United States v Davis, 2 USCMA 505, 10 CMR 3. By way of illustration, we have regarded assault with a dangerous weapon as a lesser included offense to robbery, even though only the facts established that the instrument used could be regarded as one likely to inflict death or grievous bodily harm. United States v McVey, 4 USCMA 167, 15 CMR 167; United States v Craig, 2 USCMA 650, 10 CMR 148. The allegation of "force and violence" in the charge of robbery was enough, we held. And in United States v Shelton, 4 USCMA 116, 15 CMR 116, we found that assault whereby grievous bodily harm was intentionally inflicted was a lesser included offense to assault with intent to murder, even though the extent of the injuries inflicted and their serious character was not specifically alleged. We felt entirely free to follow the path which we took because, in each instance, every element of the lesser offense was clearly raised by the factual situation and all were fairly included within the general allegation of the specification. Where, then, do these guideposts direct us in the present case?

The offense of indecent assault requires proof of an assault by taking indecent, lewd, or lascivious ■ liberties with the victim's person, accompanied by a specific intent to gratify lust or sexual desires through the acts performed. Manual for Courts-Martial, supra, paragraph 213$d$(2), page 386. As we have earlier mentioned, in many cases where attempted rape is charged, the overt act relied upon by the prosecution consists of an assault and the

698

nature of the offense is such that the assault consists of the taking of indecent or lewd liberties. Under those circumstances, the difference between attempted rape and assault with intent to rape becomes indistinguishable, assuming the requisite intent is present. Furthermore, indecent assault is plainly lurking within such a factual situation, regardless of which principal offense is pleaded, if the court-martial is convinced beyond a reasonable doubt that the accused intended to have sexual intercourse with a woman not his wife, but is not convinced by that degree of proof that he intended to overcome whatever degree of resistance he might encounter. Accordingly, we hold that indecent assault must be regarded as a lesser included offense of attempted rape in proper cases.

We cannot perceive any material disadvantage to an accused which occurs as a result of this holding. The allegation that he attempted to rape a named victim authorizes the prosecution to proceed on the theory that an assault occurred, and the very name of the principal offense indicates that the overt act would, in all probability, be indecent as well. If the proof, then, shows that to be the case, it is impossible to see where the accused has been harmed if the court-martial is permitted to return a finding on an offense lesser than the one charged. Had he been charged with assault with intent to rape on the same facts, he would have no ground to argue that indecent assault was not lesser included. It, therefore, appears to us that if we are to be consistent with our other holdings, we must conclude that the question of what lesser offenses are raised depends primarily upon the facts of the case and not upon whether the pleader chose to call the principal offense an attempt, rather than an assault.

It has been brought to our attention that certain cases, such as United States v Lakey [ACM 4974], 4 CMR 837, and United States v Osborne [CM 362159], 10 CMR 441, appear to point in another direction. Thus it was said in Lakey, that (page 841):

". . . in attempt offenses, the determination that the substantive offense alleged was not attempted, as charged, disposes of the entire matter and excludes findings of guilty of any offense."

Whatever may have been the merit of that conclusion when applied to the facts of that case, we cannot regard it as persuasive here. In our view, it is far better to test these matters by the facts and circumstances of the situation, rather than with a purely theoretical rule relating to the difference between substantive and attempted offenses. It may well be that in some instances the offenses are so dissimilar that the intent to commit the principal offense would not embrace the intent necessary for a finding of the lesser crime, but we are not faced with that situation here. Certainly an accused could not intend to have intercourse with a woman not his wife, against her will and without her consent, without having the concomitant intent to satisfy his sexual desires.

Having concluded that indecent assault may be a lesser included offense to attempted rape in an appropriate case, we next must determine whether it was raised by the facts before us. The acts done by the accused, in view of the victim's objection to them, clearly amount to an assault—that element is not in dispute between the parties. The board of review has ably and extensively marshaled the evidence to show without doubt that if the accused did not intend to surmount every obstacle that might lie in his path, he at least intended to gratify his lustful desires through the acts which he did, and we need do no more than agree that that is so. However, may it fairly be said that the acts committed by him were lewd and lascivious? He, of course, contends they were not.

There is no evidence to indicate that the accused exposed himself or touched or fondled any of the more intimate portions of his victim's body, or attempted to disrobe her, and the absence of this sort of thing has been very weighty with boards of review in previous cases. CM 377025, United States v Milan, de-

**699**

cided November 30, 1954; United States v Harrison, 25 BR 273; United States v Peavy, 13 BR 73. The factual situations in those cases seem clearly to indicate a belief by those reviewing agencies that the acts done by the accused must in themselves be indecent.

A dictionary is of little aid to us here for it tells us that the word "lewd," for example, means no more—and no less—than lustful and unchaste. Webster's New Collegiate Dictionary, 2d ed, page 483. However, the subject has not gone unmentioned by legal authorities. What we regard as a sound rule may be found expressed in 6 CJS, Assault and Battery, § 75, page 928, where it is said:

". . . The liberties taken must be such as the common sense of society would regard as indecent and improper; but it is not necessary that they be taken with the private parts of the person assaulted.

"The act constituting the assault need not be in itself indecent in its nature, but may be rendered so by the words and circumstances accompanying the transaction."

Just as appropriate is the following statement from Dekelt v People, 44 Colo 525, 99 Pac 330, 332 (1909), concerning the closely related offense of indecent liberties:

". . . True, what shall be regarded as 'immodest, immoral and indecent liberties' is not specified with particularity [by the statute], but that is not necessary. The indelicacy of the subject forbids it. The common sense of the community, as well as the sense of decency, propriety, and morality which people generally entertain, is sufficient to apply the statute to each particular case, and point out unmistakably what particular conduct is rendered criminal by it."

The rule expressed in CJS, supra, appears to be based squarely on such cases as Dekelt, supra, State v Rolfe, 151 Minn 261, 186 NW 574, 575 (1922), and State v Winger, 41 Wash2d 229, 248 P2d 555 (1952). In the Winger case, express approval was given to an instruction which defined an indecent liberty as:

" ' . . . a privilege or license taken in violation of the laws of propriety, and is such an act or acts as the common sense of society would regard as indecent and improper, and offensive to modesty and decency.' "

Accordingly, we conclude that an act may properly be regarded as lewd or lascivious under some circumstances even though it is not itself indecent. But whether the accused's conduct in this instance was of that character is a question of fact which should have been resolved by the court-martial members under appropriate instructions.

We arrive at our conclusion for the following reasons. It is evident that the accused entertained a lustful intent. He had consumed a certain amount of liquor and then had proceeded to the home of his girl friend of long standing. He had been rebuffed there due to circumstances beyond his control. Thereafter he wandered alone in a residential area at an hour close to midnight until he came upon Miss Fiederlein. He followed her, and soon his actions became violent, but, undoubtedly due to the excitement and mental upset suffered and physical resistance offered by the victim, the full extent of the assault remains uncertain. It is, of course, distinctly arguable that the court-martial members could have found lewdness based on an inference that the bruises on the victim's legs and neck and her torn stockings were caused by indecent touchings but, on the contrary, they may have inferred that those damages were caused by contact with the ground or shrubbery.

We get little assistance from the victim, for her testimony seems to veer away from the suggestion of lewd and lascivious conduct on the part of the accused, such as touching or fondling her intimate parts. Instead, it speaks of acts of brute force which had for their purpose her movement to a place where lustful and indecent attentions could be forced on her with less chance for detection or interruption. In answer to specific questions, she testified

that the accused did not touch any of her private parts, so the indecency, if any, must be found in the brutish measures he employed to force her into an area of seclusion, together with the intent he clearly entertained at the time. Reasonable men might reach different conclusions on that question, but therein may be found the troublesome problem on this facet of the controversy, for the court-martial was not required to make any finding on that issue.

We discuss the foregoing possibility, that court members might draw different inferences from the testimony, merely to emphasize the prejudicial effect on the board of review's ruling. While a finding of assault was required by the instructions to the court-martial, there was nothing said to the members which would require a finding of lewdness or lasciviousness, and the verdict as to attempted rape may have been predicated on the finding of a form of violence which not all reasonable men would conclude was lewd or lascivious. Had the evidence shown an exposure by the accused of his person, or had his bodily contact with the victim been more intimate or indelicate, the question of indecency would not have been in dispute. We said that much in United States v Headspeth, supra. However, the assault here might have been considered by the court-martial as being preliminary to the intended licentious and carnal touchings. Conceding that the battery was vicious and shocking and ample to support a finding of attempted rape, we cannot say that brutality is necessarily indecent, and we have no way of ascertaining the yardstick used by the court-martial members when they deliberated on the facts and returned a finding of guilty of attempted rape. Therefore, we are faced with a situation in which the board of review has affirmed a finding of a lesser included offense involving ingredients not necessarily found to be present by the original triers of fact. The truth of the matter is that in this instance they were precluded from making such a finding by the law officer's instruction that indecent assault was

not in issue. While a majority of the present Judges of this Court believe that it is impermissible for a board of review to affirm a lesser offense when the court-martial was not required to find on all the essential facts necessary to support the affirmed offense, we need not lay down that rule in this case, for assault and battery is raised reasonably by the evidence, and all of our previous decisions have limited affirmances by a reviewing authority to the lowest offense in issue, where instructional error of this sort has been found.

We come, then, to our view that assault and battery was incorrectly determined by both the law officer and the board of review to be not raised reasonably as an included offense. In accordance with the reasoning expressed earlier, an attempted rape may be dependent upon a showing of facts which establish a battery. Unless the pleadings negate that theory, then assault and battery should be viewed as permissibly within the confines of the specification.

As we have said earlier, the evidence in this case leaves no doubt but that an assault and battery occurred, and that the accused was possessed by a lustful intent. The board of review not only reached that conclusion, but, in its decision, went much further and held that the circumstances were so aggravated that simple assault and battery was not in issue. That conclusion could only be supportable if a finding of indecent or other aggravated form of assault was compelled. We have previously concluded that all reasonable men would not be required to find lewd and lascivious conduct, and from that it necessarily follows that the court-martial members were not legally bound to limit their consideration of included offenses to that type of assault. In addition, it must be remembered that there was some substantial evidence of intoxication, and that that testimony could have been considered by the court-martial members in regard to its effect on accused's capacity to form a specific intent. No doubt he had sexual relations uppermost in his alcoholic and befuddled mind, but it is possible that

**701**

the court-martial would have concluded that he lacked the mental capacity to form the specific intent involved in any intermediate offense greater than assault and battery. Therefore, it seems plausible to assert that there was at least a fair chance that the court members would have found only assault and battery had the alternative been available to them.

There is something—albeit unknown to us—which caused them to doubt the presence of all elements of the principal offense for they sought help and advice from the law officer on their authority to find the accused guilty of a lesser offense. Certainly the board of review's reasoning that assault and battery was not reasonably raised—because the circumstances of the assault were so aggravated and the maximum punishment for that offense so light—will not stand close scrutiny. We meet that argument merely by observing that aggravation does not mean immorality and there are adequate sentences for all assaults, be they simple or the most heinous, if they are pleaded and proved properly. It may well be that some other form of aggravated assault could have been pleaded and proven, but that question is not before us. We, therefore, hold that the law officer erred in instructing that assault and battery was not in issue, and the board of review erred in adopting that conclusion.

Government counsel argue that defense counsel at trial demonstrated that he wanted this case tried on an all or next-to-nothing basis; in other words, accused's counsel affirmatively demonstrated he did not want the court-martial instructed as to the elements of indecent assault and assault and battery. United States v Snyder, 6 USCMA 692, 21 CMR 14. A fair argument may be made to that effect, but the principles involved are complex and the same difficulty has been encountered by all the lawyers who have participated in this litigation. It is a fair possibility that no one at the trial level understood that a substantive offense could ever be lesser included in a charge of attempted rape, and it is certain that trial counsel,

**702**

defense counsel, and the law officer failed to comprehend the offenses which were raised reasonably by the evidence. Furthermore, appellate defense counsel before the board of review argued that the error at the trial could be purged by the board of review affirming an indecent assault. A majority of the board supported the contention and a reduction was ordered. With so much uncertainty beclouding the principles involved, we are not convinced that trial defense counsel voluntarily chose to defend on an all-or-nothing basis. Rather we believe he merely accepted the law officer's judgment that there was only one included offense and that it was simple assault. For that reason, Government's argument is rejected.

Because of the present posture of this record, we believe the interest of justice will best be served by granting the accused a rehearing. It is so ordered.

QUINN, Chief Judge (concurring):

Unquestionably, if the evidence does not prove the offense charged, the accused can be convicted of a lesser offense only if that offense is necessarily included within that charged. However, whether an offense is necessarily included depends upon both the allegations of the specification and the proof. My brothers and I agree that the lesser offense of indecent assault is raised by the evidence. We disagree on whether it is necessarily included within the allegations of the specification. As I view the problem, it is simply one of pleading.

The Uniform Code has authorized the President to prescribe the procedure for cases before courts- martial. Article 36, Uniform Code of Military Justice, 10 USC § 836. Included within that authority is the right to establish a "short form" of alleging an offense by the use of words of art, or words which otherwise merely state a legal conclusion. United States v Rios, 4 USCMA 203, 15 CMR 203; United States v Bunch, 3 USCMA 186, 11 CMR 186; United States v Hemp, 1 USCMA 280, 3 CMR 14. The form of pleading authorized here is a statement that the accused "did . . . attempt to" com-

mit rape. Manual for Courts-Martial, United States, 1951, Appendix 6c, Forms 2 and 88. This abbreviated form of pleading permits proof of any kind of act sufficient to establish an attempt. In a particular case, the pleading may actually describe an attempt predicated upon an assault. In that event, as far as the specification is concerned, the offense charged necessarily has included within it the lesser offense of an indecent assault. That is the kind of case we have here. In other words, the offense charged is, in fact, an attempt based upon an assault.

Was the accused aware of the nature of the offense from the form of pleading? Certainly the specification put him on notice that he could be called upon to defend against an assault type of act. If he desired further particulars, he could have asked for them. Not having done so, I must assume that he knew what act constituted the basis of the charge against him. Since that act consisted of an assault, it necessarily included the lesser offense of an indecent assault. Consequently, I concur with the holding of the principal opinion.

FERGUSON, Judge (dissenting):

I agree with the majority that the question of what lesser offenses are raised depends on the facts of the case as alleged and proved. In this case the accused was charged as follows:

"In that Specialist Third Class Henry R. Hobbs . . . did, at Mannheim, Germany, on or about 2300 hours, 16 October 1955, attempt to rape Hilde Fiederlein, 28 Oberen Luisenpark, Mannheim, Germany."

It is possible to commit the offense of attempted rape without committing an assault. E. g., People v Gibbons, 260 Mich 96, 244 NW 244; Payne v Commonwealth, 33 Ky Law Rep 229, 110 SW 311; Burton v State, 8 Ala App 295, 62 So 394; People v Gardner, 98 Cal 127, 32 Pac 880; Melton v State, 24 Tex App 284, 6 SW 39; accord, State v George, 79 Wash 262, 140 Pac 337;

see Taff v State, 69 Tex Cr 528, 155 SW 214; People v Lee Kong, 95 Cal 666, 30 Pac 800. Cf. Aderhold v Schiltz, 73 F2d 381 (CA5th Cir) (1934); United States v Spain, 32 F Supp 28, 29 (ED Ill) (1940); United States v Barnaby, 51 Fed 20 (D Mont) (1892). Thus it is clear that assault with intent to commit rape, indecent assault, assault and battery, and simple assault, are not necessarily included offenses of the substantive crime of attempted rape. Though there is some difficulty in distinguishing the offenses of attempted rape and assault with intent to commit rape, as I conceive the difference an assault is not a necessary element in the crime of attempt to rape but is a necessary element in the crime of assault with intent to commit rape. This is implicit in the statement quoted by the majority opinion that every assault with intent to commit rape is an attempt but that the converse does not follow. The converse does not follow because an assault is not necessary in an attempt. I am not willing to say as a matter of law that an accused must commit assault to cease preparation and enter the forbidden zone of attempt. The fact that intent in *most* attempted rape cases is manifested by an assault does not make the offense of assault a *necessarily* included offense.

In the case of this particular attempt the President pursuant to authority has authorized a short form of pleading. This form— which was utilized in this case—consists of pleading the crime as a legal conclusion. Modern pleading theory is contrary to this form of pleading and requires that indictments set forth facts rather than mere legal conclusions; and when this form is used without additional facts it pleads only the substantive crime of attempted rape and, in my view, this precludes a finding of any other offense. E.g., Federal Rules of Criminal Procedure, Rule 7 (c). For this reason I believe that the words "attempt to rape" do not allege "facts" that include indecent assault or any other lesser included offense.

I agree that the facts proved *at trial* reasonably raise the offense approved

by the board of review, but in my view, this is of no consequence.

"An accused may be found guilty of an offense *necessarily included in the offense charged* or of an attempt to commit either the offense charged or an offense necessarily included therein." [Emphasis supplied.] [Article 79, Uniform Code of Military Justice, 10 USC § 879.] I would not substitute the word "probably"—and its attendant concepts—for "necessarily" to the detriment of the accused.

It is evident from what I have said above that in my view there was error both at the trial level and at the board of review. At the trial level the law officer was in error when he instructed that a lesser included offense of attempted rape as charged was assault in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, even though he later indicated that he thought the offense of assault and battery was not in issue in this case.

I believe the board of review—though in a separate concurring opinion one member indicated some misgiving—compounded the error of the law officer by finding correct in *law and fact* only so much of the findings as involved indecent assault. The result of this finding illustrates the fallacy of a board of review arrogating to itself the right to cure what is thought is a trial level error by arbitrary reduction in the degree of the crime. In my view, the board of review could do only one of two things when this case was before it. It could either affirm the findings of the court-martial or dismiss the charge. In this case the result is that they have, in my opinion, acquitted the accused of the only crime charged. Whether the accused can now be tried for the offenses—not included in this case—of assault and battery, assault, or indecent assault need not concern me at this time. This horrible state of affairs—acquitting to "cure the error"—was brought about by the inherent fallacy in using the device of the lesser included offense to "save" error in cases involving more than technical error and also by the poor practice of pleading by legal conclusion cases that factually deserve a more complete treatment.

I would reverse the board of review and dismiss the charge.