UNITED STATES, Appellee

v

ARTHUR W. MINGO, Staff Sergeant, U. S. Air Force, Appellant

8 USCMA 164, 23 CMR 388

No. 9199

Decided July 26, 1957

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief were *Peter J. Flanagan, Esq.,* and *Lieutenant Colonel Stanley S. Butt.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was charged with attempted rape. At the trial, the law officer instructed on assault with intent to commit rape and indecent assault as lesser included offenses. On this appeal the accused contends that the law officer erred in these instructions to his prejudice.

In United States v Hobbs, 7 USCMA 693, 23 CMR 157, the majority of the Court held that assault with intent to commit rape is lesser included in a charge of attempted rape. However, whether a lesser offense is present in a particular case depends upon the evidence. Here, after careful review of the evidence, we are constrained to conclude that no lesser offense is reasonably raised. Consequently, the accused could not have been harmed by the purported error in the instructions relating to the lesser offenses. United States v Gurevich, 7 USCMA 203, 21 CMR 329. Therefore, the decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (concurring in the result):

This case represents "the other side of the coin" examined by this Court in the recent case of United States v Hobbs, 7 USCMA 693, 23 CMR 157. The accused there, as in the instant case, was charged with the offense of attempted rape in violation of Article 80, Uniform Code of Military Justice, 10 USC § 880. In both cases a short form of pleading the crime as a legal conclusion was employed, i.e., "A did attempt to rape B." In Hobbs, supra, the majority of the Court reversed because of the law officer's failure to instruct the court-martial on the lesser included offense of assault with intent to rape. I dissented in that case because, in my view, lesser offenses were not "necessarily included" in the substantive crime of attempted rape. Here, however, the law officer instructed—

although erroneously—on the lesser offenses of assault with intent to rape and indecent assault. The court-martial nevertheless found the accused guilty of attempted rape as charged. The following passage from my dissenting opinion in Hobbs, supra, becomes equally applicable in the instant case:

"It is possible to commit the offense of attempted rape without committing an assault. E.g., People v Gibbons, 260 Mich 96, 244 NW 244; Payne v Commonwealth, 33 Ky Law Rep 229, 110 SW 311; Burton v State, 8 Ala App 295, 62 So 394; People v Gardner, 98 Cal 127, 32 Pac 880; Melton v State, 24 Tex App 284, 6 SW 39; accord, State v George, 79 Wash 262, 140 Pac 337; see Taff v State, 69 Tex Cr 528, 155 SW 214; People v Lee Kong, 95 Cal 666, 30 Pac 800. Cf. Aderhold v Schiltz, 73 F2d 381 (CA5th Cir) (1934); United States v Spain, 32 F Supp 28, 29 (ED Ill) (1940); United States v Barnaby, 51 Fed 20 (D Mont) (1892). Thus it is clear that assault with intent to commit rape, indecent assault, assault and battery, and simple assault, are not necessarily included offenses of the substantive crime of attempted rape. Though there is some difficulty in distinguishing the offenses of attempted rape and assault with intent to commit rape, as I conceive the difference an assault is not a necessary element in the crime of attempt to rape but is a necessary element in the crime of assault with intent to commit rape. This is implicit in the statement quoted by the majority opinion that every assault with intent to commit rape is an attempt but that the converse does not follow. The converse does not follow because an assault is not necessary in an attempt. I am not willing to say as a matter of law that an accused must commit assault to cease preparation and enter the forbidden zone of attempt. The fact that intent in *most* attempted

rape cases is manifested by an assault does not make the offense of assault a *necessarily* included offense.

"In the case of this particular attempt the President pursuant to authority has authorized a short form of pleading. This form—which was utilized in this case—consists of pleading the crime as a legal conclusion. Modern pleading theory is contrary to this form of pleading and requires that indictments set forth facts rather than mere legal conclusions; and when this form is used without additional facts it pleads only the substantive crime of attempted rape and, in my view, this precludes a finding of any other offense. E.g., Federal Rules of Criminal Procedure, Rule 7(c). For this reason I believe that the words 'attempt to rape' do not allege 'facts' that include indecent assault or any other lesser included offense."

Since, in my view, the offenses instructed upon here were not lesser included, it follows that error, if any, in the superfluous instructions given could not have been prejudicial to the accused. Accordingly, I concur in the result reached by my colleagues.