UNITED STATES, Appellee

v

MICHAEL GROSS, Private U. S. Army, Appellant

17 USCMA 610, 38 CMR 408

No. 20,957

June 28, 1968

Captain Robert R. Broxton argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, and Major David J. Passamaneck.

Captain Harvey L. Anderson argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel David Rarick and Major Edwin P. Wasinger.

## Opinion of the Court

QUINN, Chief Judge:

The accused stands convicted of willful disobedience of a lawful order by a superior officer and misbehavior before the enemy, in violation of Articles 90 and 99, Uniform Code of Military Justice, 10 USC §§ 890 and 899, respectively. As affirmed by the board of review, his sentence extends to a punitive discharge and confinement at hard labor for two years. We granted further review to consider the accused's attack upon the validity of the approved findings of guilty of the misbehavior charge.

Charge I and its specification alleged that, before the enemy, the accused was "guilty of cowardly conduct in that he wrongfully abandoned his company, and wrongfully refused to rejoin it as it was his duty to do." At an out-of-court hearing on proposed instructions, trial counsel requested an instruction that the court-martial could consider misbehavior by running away was an alternative to the act charged. Defense counsel objected to such instruction on the ground that it would prejudice the accused to "bring in the idea of running away." The law officer overruled the defense objection, and later instructed the court members that the specification was "actually broad enough to allege two forms of misbehavior"— "cowardly conduct" and "running away." He appropriately defined both terms. The court-martial found the accused guilty of the specification and the charge, with certain exceptions and substitutions.

The phrasing of the announced findings of guilty was formulated by the law officer in a closed session discussion with the court members to consider the form of the findings. See Article 39, Code, supra, 10 USC § 839. The transcript of the discussion reflects a troublesome difference between the president's statement to the law officer that the court "did not find an act of cowardice," but did find the accused guilty "of the alternate offense of running away" and the law officer's suggested form, which, in material

**611**

part, was to the effect that the court except the allegations as to wrongful refusal to rejoin his company and substitute therefor the words " 'by running away.' " See United States v Manuel, 16 USCMA 357, 36 CMR 513. The board of review made consideration of the difference unnecessary by finding "no evidence of fear" and affirming only a finding of guilty of misbehavior by running away.

On this appeal, the accused contends the specification on which he was arraigned did not justify either the law officer's instruction on running away as a permissible finding by the court-martial or the action of the board of review, which absolved him from an act of cowardice, but sustained his conviction as misbehavior by running away. The problem is not uncommon in a prosecution based upon a statute that delineates the offense in terms of separate and disparate acts. A comparison of polar types of specification may serve to illumine the problem. Article 85 of the Uniform Code, supra, 10 USC § 885, sets out three separate ways in which the offense of desertion may be committed. In United States v Hemp, 1 USCMA 280, 3 CMR 14, we considered a situation in which the specification alleged one of these acts of desertion, but the law officer instructed the court members that they could consider the other acts in determining the accused's guilt or innocence. We held that the specificity of the allegation made it impermissible to allow the court-martial to convict the accused on the basis of "an uncharged and untried issue." *Id.*, at page 287. Conversely, a particular form of specification may use certain words of art to encompass all the ways in which the offense may be committed. This is true, for example, of the model form of specification for pleading larceny, in violation of Article 121 of the Code, supra, 10 USC § 921. Such a specification justifies instructions on

each act proscribed by the statute which finds support in the evidence. United States v O'Hara, 14 USCMA 167, 169–170, 33 CMR 379; United States v Aldridge, 2 USCMA 330, 8 CMR 130; see also United States v O'Briski, 2 USCMA 361, 8 CMR 161. Between these extremes of pleading and proof is a third rule. A particular proscribed act may, in its totality, comprehend another act which, by itself, is separately punishable. Frequently, the comprehended misconduct is described as lesser included to that charged because the punishment is less than that for the totality of the accused's act, but lesser punishment does not determine whether the factual elements of one offense encompass those of another proscribed by the same statute as the former, or in another statute. See United States v Hobbs, 7 USCMA 693, 23 CMR 157. The allegations of the specification and the evidence are the keystones to whether the court-martial may be allowed to consider alternative findings of guilt. See United States v Calhoun, 5 USCMA 428, 18 CMR 52.[1] With these principles in mind, we turn to the issues presented by the accused's assignments of error.

Article 99, Code, supra, defines the offense of misbehavior before the enemy. Any one of a number of acts committed "before or in the presence of the enemy" constitutes the offense. Three acts pertinent to this case are as follows:

". . . (1) runs away;

"(2) shamefully abandons, surrenders, or delivers up any command . . . which it is his duty to defend;

. . . . .

"(5) is guilty of cowardly conduct. . . ."

The Manual provides a form of specification to cover each act. Manual for Courts-Martial, United States, 1951,

---

[1] This rule was apparently "sensed," but not fully understood, by trial counsel. Part of his argument on the requested instruction was predicated on the ground that "running away" was a lesser included offense to a charge of cowardice. The law officer rejected this view of the issue, but pointed out, as indicated in the text, that the act of running away could properly be considered by the court-martial as an alternative basis for conviction.

Appendix 6c, at page 478. Each model specification uses the language of a subsection of the statute. Thus, the model specification for the first subsection provides that the accused "did . . . run away"; and the model form for the fifth subsection provides that the accused "was guilty of cowardly conduct, in that —— — ." A single incident of misbehavior may embrace two or more acts separately delineated in Article 99. For example, the accused may "shamefully abandon" his unit, which is a violation of subsection (2); but if he was motivated by fear, his act is also "cowardly conduct," in violation of subsection (5). As Winthrop, the learned military commentator and historian, points out, "Misbehavior before the enemy is often charged as 'Cowardice;' but cowardice is simply one form of the offence." Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, at page 623.

Charging an act of misbehavior as cowardly conduct not only requires proof of the alleged act █ but also puts "in issue the element of fear." United States v Yarborough, 1 USCMA 678, 687, 5 CMR 106. This is not to say, however, that the Government's case must stand or fall on that issue. The Government may fail to prove fear as the motivation for the accused's act, but it may compellingly establish the commission of the act alleged in the specification. If, without the element of fear, that act constitutes a violation of Article 99, the court-martial can properly find the accused not guilty of "cowardly conduct," but guilty of misbehavior on the basis of the act alleged and proved beyond a reasonable doubt. This is precisely the situation we considered in United States v Parker, 3 USCMA 541, 13 CMR 97; cf. United States v King, 2 USCMA 397, 9 CMR 27.

In the Parker case, the specification alleged the accused was "guilty of cowardly conduct, in that he ran away from his combat outpost." Analyzing the specification, we determined first that the pleading was not duplicitous, pointing out that had the accused been separately charged with cowardly conduct and running away, "it might have been thought that the prosecution was multiplying unreasonably the charges against the accused." Id., at page 548. Next, we determined that the allegations embraced, in their totality, two subsections of Article 99, and justified instructions to the court-martial to the effect that it could return findings of guilty of cowardly conduct, as charged, or only of running away, without injury to any substantial rights of the accused.

Here, the accused was charged with cowardly conduct in that he wrongfully "abandoned" his company and wrongfully refused to rejoin it. Had the pleading alleged that the accused ran away and refused to return, the specification would be substantially like that in the Parker case, and, in view of the evidence, would clearly have justified the instructions on the alternative finding that could be made by the court-martial, if convinced beyond a reasonable doubt that the accused ran away from his company but was not motivated by fear. The board of review below concluded that the word "abandoned" fairly implied an allegation that the accused ran away. It drew support for its conclusion from a statement in paragraph 178b of the Manual for Courts-Martial, supra, to the effect that an act of abandonment by a person other than a commander "would ordinarily be charged as running away."

The words "running away" are, as the accused contends, words of art. They do not contemplate █ mere absence or departure from a specified place. In United States v Sperland, 1 USCMA 661, 5 CMR 89, we pointed out that the allegation includes an intent to avoid combat. We said:

". . . It seems unrealistic to assume that every unauthorized absence from any unit which might be considered in the presence of the enemy constituted misbehavior. . . . It would appear to be more in keeping with the offense, if an intent to avoid combat . . . is considered as an essential part of running away. Previous army cases

**613**

and military authorities have announced a similar rule and the present Manual appears to have adopted the concepts expressed by them." [*Id.*, at page 664.]

The question then is whether the allegation of abandonment in the specification includes the essential intent. We think it does.

Apart from the Manual's suggestion that an act of abandonment includes the same elements as running away, the commonplace, dictionary meaning of the word "abandon" imports yielding because of threatened dangers or encroachments. Webster's Third New International Dictionary, at page 2. A widely-used abridged dictionary indicates that the word "abandon" emphasizes "leaving a person or thing to the mercy of someone or something else." Webster's New Collegiate Dictionary, at page 1. Considering that the act of abandonment was alleged to have taken place in the ▬▬ presence of the enemy, the specification, in our opinion, fairly implies that the accused intended, by his act, to avoid combat. An essential element of an offense may be spelled out from the fair implications of the other allegations of the specification. United States v Smith, 2 USCMA 197, 7 CMR 73. We conclude that, as in the *Parker* case, the specification and the evidence justified consideration of misbehavior by running away as an alternative verdict.[2] It follows, therefore, the law officer's instructions at trial and the modifications of the findings of guilty by the board of review are correct.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

Judge FERGUSON concurs in the result.

---

[2] The law officer instructed the court members that one of the essential elements of running away was that the accused "intended to avoid some form of combat action by or with the enemy."